### Coe and others *against* Turner and wife :

#### IN ERROR.

A writ of error to reverse a judgment against two or more persons, must be brought in the names of those only who were prejudiced by such judgment. Therefore, where a bill in chancery was brought against *A.*, *B.*, *C.* and *D.*, and the relief sought was decreed against *A.* and *B.* only, *C.* being dismissed without costs, and *D.* recovering his costs ; and a writ of error was brought in the names of *A.* and *B.* only ; it was held, on a motion to quash such writ of error, because *C.* and *D.* were not joined, that it was properly brought, and the motion was disallowed.

*A.* having executed a deed, conveying land to *B.*, put it into the hands of *C.*, to be kept by him until a certain bond should be given to *A.*, and then to be delivered to *B.*—*C.* accepted the trust, and immediately delivered the deed to *B.*, who was a bankrupt, without performance of the condition. On a bill in chancery, brought by *A.*, against *C.*, to recover the value of the land, it was held, that such bill could not be sustained, 1. because the plaintiff might have adequate remedy, if he was entitled to any, in an action at law for damages ; and 2. because the deed in the hands of *C.* was an escrow, and the condition not being performed, the title never passed from *A.*

*A.* conveyed certain land to *B.* in trust for the wife of *A. ;* and *B.* made out and delivered to her a deed of such land. The latter deed not being recorded, she, with the assent of *B.*, and without the assent of her husband, cancelled it. *B.*, in violation of his trust, immediately conveyed away such land, and received

*Middlesex,*
July,
1823.

Coe
*v.*
Turner.

the avails thereof, for which he never accounted. On a bill in chancery, brought by *A.* and his wife, against *B.*, to recover the value of the land, it was held, that such bill could not be sustained, 1. because the plaintiff might have adequate remedy, if he was entitled to any, in an action at law for damages ; and 2. because the cancellation of the deed had no effect upon the title previously vested.

Where a bill in chancery was brought against several defendants, seeking redress for injuries, arising out of transactions with them separately, at different times, and relating to different subjects ; it was held, that such bill was bad for multifariousness.

This was a bill in chancery, brought by *Joel Turner* and *Anna*, his wife, against *Joseph Coe, Joseph Hale, Hezekiah Hale* and *William Bevins*, to obtain a reconveyance of certain lands, or the avails thereof.

On the 1st of *March,* 1817, *Anna Turner* had an estate in fee-simple, subject to the life estate of her husband, in two tracts of land in *Middletown,* one containing about four acres, the other about twenty acres. During the year 1817, *Coe* was the overseer of *Joel Turner.* On the 12th of *June* in that year, *Turner* and wife, with the approbation of his overseer, executed a warrantee deed of seven acres, comprising the whole of the first-mentioned piece and three acres of the other, to *Hezekiah Hale* as the grantee, and placed it in the hands of *Coe,* upon condition not to be delivered to *Hale* until *Bevins* should execute a good bond, with surety, in the sum of 2000 dollars, that he, *Bevins,* would convey to Mrs. *Turner* an equal quantity of land, of equal value, in the town of *West-Springfield,* in *Massachusetts.* *Coe* accepted the trust; but immediately afterwards, in violation of it, delivered such deed to *H. Hale,* taking only *Bevin's* bond, *without* surety, for 2000 dollars, conditioned, that he should, within two years from that time, give Mrs. *Turner* a warrantee deed of the like quantity of land. Before the expiration of the two years, *Bevins* failed, and became wholly unable to pay for the land, or to procure a deed, and give a good title; in consequence of which, the plaintiffs lost their land. The value of the land, at the date of the deed, with interest to the time of the decree, amounted to the sum of 997 dollars, 55 cents ; which the court ordered *Coe* to pay to the plaintiffs, with one half the costs.

The bill charged a fraudulent intention in *Coe,* in this transaction, and a fraudulent combination between him and the other defendants, to deprive the plaintiffs of the title to their land, without an equivalent, or any just compensation ; but this part of the bill was not proved.

*Turner* conveyed the remainder of said land to *Joseph Hale*, for certain purposes stated in the bill, which it is unnecessary to specify, in trust for Mrs. *Turner*; and *J. Hale* made out and delivered to her a good and valid deed of the land. This deed not having been recorded, she, afterwards, with the knowledge of *J. Hale*, destroyed and cancelled it; and the title to the land, according to the finding of the court, was left in *J. Hale*, in trust for her. He, in violation of his trust, immediately thereafter, sold and conveyed away the land to sundry persons, and received the money paid therefor; for which he has never accounted. The value of the land so held in trust by him, was found to be 790 dollars, which, with the interest to the time of the decree, amounting to 1109 dollars, the court ordered him to pay to the plaintiffs, together with half the costs. The fraud and fraudulent combination alleged in the bill, in relation to him, were not proved.

*Bevins* was dismissed without costs; and *Hezekiah Hale* recovered costs.

*Joseph Coe* and *Joseph Hale* thereupon brought the present writ of error.

*Staples*, for the defendants in error, moved this Court to quash the writ of error, on the ground that *William Bevins* and *Hezekiah Hale*, who were parties to the record below, were not made plaintiffs in error. On a judgment against several parties, the writ of error must be brought in all their names; and if it be brought by one or more of them, short of the whole number, it may be quashed. *Ball* v. *Richards*, 3 *Salk.* 146. *Vavasor* & al. v. *Faux*, 1 *Wils.* 88. *Phelps* v. *Ellsworth*, 3 *Day* 144. *Andrews* & al. v. *Bosworth*, 3 *Mass. Rep.* 223. *Barnwell* v. *Grant, Style* 190. *Cannon* v. *Abbot*, 1 *Lev.* 210. *Verelst* & al. v. *Rafael, Cowp.* 255. According to the *English* practice there may be summons and severance; yet all must join in bringing the writ of error. In this state, the benefit of a judgment of severance may be had, without the form; but the writ of error here, as well as in *England*, must be brought in the names of all. *Hyde* v. *Tracy*, 2 *Day* 491.—If the judgment of the court below be reversed, the cause will be open for a rehearing; but *Bevins* and *H. Hale* will be out of court.

*Daggett*, contra, contended, That those persons only, who were parties to the record, and prejudiced by the judgment, could properly join in bringing a writ of error. This is espe-

cially the case with regard to defendants in a suit in chancery, who have separate and distinct interests, and in relation to whom, separate and distinct decrees are passed. *Bevins* and *H. Hale* were not aggrieved by the judgment below. In *Hyde* v. *Tracy,* 2 *Day,* 491. where separate decrees had been passed, by the court below, against several defendants, it was held, that one of them, who was satisfied with the decree as it respected himself, could not withdraw a writ of error brought in the names of all, but that the others might proceed without him.

HOSMER, Ch. J. The motion made to quash this writ of error, because *William Bevins* and *Hezekiah Hale,* in whose favour judgment was rendered in the court below, did not join with the plaintiffs, in bringing it, ought not to prevail. No person can sustain a writ of error to reverse a judgment, who was not injured by it, and is, therefore, to receive advantage from its reversal. 2 *Bac. Abr.* 456. *Gwil.* ed. *Bevins* and *H. Hale* derived no prejudice, but a benefit, from the judgment; and how can they maintain a writ to set it aside ? Where an infant has joined with an adult in a fine, the infant alone may bring a writ of error, because he alone has cause of complaint. 2 *Bac. Abr.* 458. *Gwil.* ed. *Cannon* v. *Abbot,* 1 *Lev.* 210. *Parker* v. *Lawrence* & al. *Hob.* 70. n. *Barnwell* v. *Grant, Style* 190. In the case of *Vaughan* v. *Loriman* & al. *Cro. Jac.* 138. it was adjudged, that if there be five defendants, and three of them be acquitted, a writ of error must be brought in the names of the other two only. Vide *Verelst* & al. v. *Rafael, Cowp.* 425.

It has been truly said, that if the judgment is reversed, *Bevins* and *H. Hale* will not be parties to the suit below; but, for a reason which disarms the observation of its intended force, the judgment in their favour, as it ought to do, will remain. The motion to quash must be disallowed.

The other Judges were of the same opinion.

Motion denied.

The case was then argued

*On the merits.*

*Daggett* and *Stanley,* for the plaintiffs in error, contended, 1. That the plaintiffs had adequate remedy at law. First, as

*Middlesex,*
July,
1823.

Coe
*v.*
Turner.

against *Joseph Hale* : on the facts found an action of account for the money received by him, was the proper remedy. Secondly, as to *Joseph Coe* : on the facts found, the deed to *Hezekiah Hale* was an escrow, and the condition not being performed, the title did not pass. *Fairbanks,* admr. v. *Metcalf,* 8 *Mass. Rep.* 230. *Wheelwright* v. *Wheelright,* 2 *Mass. Rep.* 447. *Hatch* & ux. v. *Hatch* & al. 9 *Mass. Rep.* 307. 2 *Bla. Comm.* 306, 7. 1 *Swift's Dig.* 179, 180.

2. That the bill was bad for multifariousness, presenting two or more distinct cases.

3. That the relief given by the court below, was improper and inequitable.

*Staples* and *Hotchkiss,* for the defendants in error.

HOSMER, Ch. J. The judgment complained of, ought to be reversed, on three distinct grounds, to wit, because there was adequate remedy at law; because the bill was erroneous, for multifariousness; and because the complainants were not entitled to the redress sought.

1. There was adequate remedy at law. So far as *Joseph Coe* had any concern in the allegations of the bill, the representation is briefly this. *Turner* and wife, having executed a deed of certain land to *Hezekiah Hale,* committed it to *Joseph Coe,* to be retained by him, and not delivered, until one *William Bevins* should give him a bond, with surety, to convey certain other land to the complainants. *Coe* accepted the trust; and having received from *Bevins* a bond, *without surety,* immediately delivered the deed to *H. Hale.* *Bevins* has become a bankrupt; and the object of the bill, carried into effect by the judgment of the court below, was to recover of *Coe,* a sum equal to the damages sustained. The fraud alleged in the bill, and the fraudulent combination with the other defendants, the court found not to have been proved. Now, if a court of law is as competent to render judgement for a sum of money in damages, as a court of chancery is, the legal remedy was complete; and that a court of law does possess this competency, no person will controvert. *Kempshall* v. *Stone,* 5 *Johns. Chan. Rep.* 193.

With respect to *Joseph Hale,* it appears from the finding of the court, that *Joel Turner* conveyed to him certain land, for certain purposes set forth in the complainants' bill, in trust for *Anna Turner*; and that *Hale* made out and delivered to her

a good and valid deed of the land; *and that the said Anna, with the knowledge of Hale,* cancelled the deed, the same never having been recorded. The court then found, that the title to the land was left in *Hale,* in trust for said *Anna;* and that in violation of the trust, he immediately conveyed away the same to several persons, and received payment therefor, for which he has never accounted. The value of the land, is then ascertained; the sum is allowed in damages; and the fraud, and fraudulent combination are found to be untrue. The object of the bill being the recovery of a sum of money, and judgment having been rendered accordingly, was not a court of law competent to this redress; as fully competent, as a court of chancery? Undoubtedly, it was. There then can be no question, but that at law, there was adequate remedy.

2. With respect to the next subject of enquiry, it is an established rule of practice, that "the court will not permit several plaintiffs to demand, by one bill, several matters perfectly distinct, and unconnected, against one defendant; nor one plaintiff to demand several matters of distinct natures, against several defendants; which is termed *multifariousness,* or improperly confounding together distinct matters. *Coop. Eq. Plead.* 152. Thus, if an estate is sold in lots to different purchasers, they cannot join in exhibiting a bill against the vendor, for specific performance; for each party's case would be distinct, and would depend upon its own peculiar circumstances; nor can such vendor file a bill for specific performance against all the purchasers. *Rayner* v. *Julian,* 2 *Dick.* 677. *Dilly* v. *Doig,* 2 *Vesey* jun. 487. *Harrison* v. *Hogg,* 2 *Vesey* jun. 323. 328. The joint fraud and combination, which were the only circumstances indicating any connexion between *Coe* and *J. Hale,* having been found by the court, not to be proved, the demands against them were entirely distinct. The contracts with the complainants, were made separately, at different times, with relation to different subjects, and capable only of violation by different acts; and hence, were as disconnected, as if one referred to land, and the other to goods and chattels. The defendants never were united, by a joint contract, or joint fraud; and they cannot be embraced in one bill, on any principle, that would not authorize a complainant to unite in one suit, all his debtors and tort-feasors. This exception is fatal to the bill of the complainants, be its merits otherwise, ever so apparent.

3. The complainants had not title to the relief sought. The gist of the complaint against *Joseph Coe*, is, that being the depositary of a deed, " upon condition not to be delivered to *Hezekiah Hale*, the grantee, until said *Bevins* executed a good bond, with surety, in the sum of two thousand dollars," he immediately, in violation of his trust, delivered the same, without having received a bond of the above description. For the damage supposed to result from this transaction, the court decreed, that the complainants should recover of *Coe*, the whole value of the land described in the deed. This decree can only be supported on the ground, that by the delivery of the deed to *H. Hale*, the land was legally conveyed to him, and the complainants deprived of it ; but this supposition is entirely without foundation. The deed was an escrow, and never has been legally delivered. An escrow is said to be, where one doth make and seal a deed, and deliver it unto a stranger, until certain conditions be performed, and then to be delivered to him, to whom the deed is made, to take effect as his deed. *Shep. Touch.* 58. 2 *Bla. Com.* 307. This is precisely the transaction, respecting the deed committed to *Coe*, to be delivered on the prior performance of a specified condition. Now, where a deed is delivered to a stranger, as above, and apt words are used in the delivery of it, it is of no more force until the conditions be performed, than if I had made it, and laid it by me, and not delivered it at all ; and therefore, in that case, albeit the party get it into his hands before the conditions be performed, yet he can make no use of it at all, neither will it do him any good. *Shep. Touch.* 59. *Perkins, sect.* 143, 4. 14. and 137, 8. *Bushnell* v. *Pasmore*, 6 *Mod. Rep.* 217. 218. It necessarily follows, that the deed to *H. Hale*, has never been so delivered, as to give it any validity ; and by legal consequence, the title to the land, for the imagined loss of which, the complainants brought their bill, and the court rendered judgment, has never passed from them. They have sustained neither loss nor damage, and may enter on the land in question, or obtain possession by an ejectment, whenever they please. The decree of the court, then, in relation to *Coe*, was manifestly incorrect.

Then, as it respects *Joseph Hale*, the case depends entirely on the cancellation of a deed, which he gave to *Anna Turner*, and by virtue of which she was invested with a title to the land in question. The deed was cancelled, by the said *Anna*, with the knowledge and assent of *Hale*, and without the knowledge or assent of her husband. This act of the wife was a nullity ; and

although she has destroyed the written evidence of title, the title yet remains in her and in her husband, and has never been transferred to *Hale.* It has not been pretended, nor could it be, with any propriety, that a feme covert, by the voluntary destruction of her deeds, can annul her interest in her lands, or in the lands of her husband. All deeds executed, and acts done by her, during her coverture, are void, except it be a fine, or the like matter of record; in which case, she must be solely and separately examined, to learn if her act be voluntary. *Co. Litt. sect.* 669. 670.

It has been insisted, that there was a subsequent ratification, by *Turner* and wife, and that this is equivalent to a precedent command. The wife of *Turner* can ratify only by a deed executed with her husband, and not by any act or expression; and if there be a ratification by *Turner,* it is throughout; and that would legalize all the transactions complained of. But of a ratification, the bill in chancery is no evidence; nor is there any, that I can discern, from any other source.

I readily admit, that chancery will, in a proper case, interpose to free a title from embarrassment; but this admission has no relevancy to the case before the court. The title is altogether free from embarrassment; and the complainants enjoy a complete right to all the land, for which they have unnecessarily sought redress. And if the remedy requisite, was, to free the title from a cloud which hung over it, or any thing besides, which impaired it, this should specifically have been decreed, and no judgment have been rendered for the value of the land.

I am of opinion that there is manifest error in the judgment complained of; and that it ought to be reversed.

The other Judges were of the same opinion.

Judgment reversed.