*Hartford,*
*June, 1832.*

Norton
*v.*
Warner.

———◦+◦———

The inhabitants of the town of BERLIN *against* The inhabitants of the school society of NEW-BRITAIN.

In *December*, 1784, the town of *F.* passed a vote, authorizing a committee to designate such highways in the different parts of the town as might be sold without producing public inconvenience, and then to sell them, giving the adjoining proprietors the right of preemption. The moneys arising from the sales were to constitute a fund or funds, to be applied to the use of the societies wherein they were collected, and to be put on interest on good security ; which interest was appropriated to the use of schools in the respective societies forever, subject to forfeiture to the town, in case of misapplication ; the societies being required to furnish themselves with necessary highways, at their own expense ; to be responsible to the town for the due application of the money ; and to render account thereof, when required. In *May*, 1785, the legislature incorporated the town of *B.*, including therein the society of *N.* in the town of *F.*, and provided, that such society

*Hartford,*
June, 1832.

Berlin
*v.*
New-Britain.

should be exclusively entitled to the avails of the highways, according to the vote of the town of *F.*, and that it should provide all future highways within its limits.  Many parts of highways in the society of *N.* were accordingly sold, and the avails, amounting to 3000 dollars, constitute a fund of that society, under said vote.  Though it has held this fund and applied the income from it to its own use, it has not furnished itself with highways nor defrayed the expense of necessary highways laid out within its limits; but that expense has been defrayed, by the town of *B.*  On a bill in chancery brought by the town of *B.* against the society of *N.*, stating these facts, and praying for an account of the fund, for repayment of the moneys advanced for such highways and for relief generally, it was held,  1. That if the town of *B.* had any title, it had adequate remedy at law, by an action of *assumpsit* for money paid to the defendants' use;  2. that the society of *N.* was not bound, by the vote of the town of *F.* and the proceedings under it, to make the necessary highways within its limits;  3. that whatever claim the town of *F.* may have had in relation to this fund, no right was transferred to the town of *B.*

A legislative act, purporting to annul or impair the rights of an individual or corporation, not a party to the proceeding, is, so far, inoperative.

This was a bill in chancery, stating the following case.  On the 27th of *December,* 1784, the town of *Farmington* appointed nineteen persons a committee for the different parts of the town in which they respectively resided, to view the highways therein, and to locate, by metes and bounds, such proportion of them as might be sold without producing public inconvenience.  When they should have completed their survey and location, they were required to lay them before the select-men of the town, and in co-operation with them, to make such amendments and alterations as they should think proper;  and persons aggrieved were to apply to them for relief.  The committee were directed to sell the lands; to give the right of pre-emption to the persons against whose lots such lands lay;  to take security for an annual interest of six *per cent. ;* and to execute deeds of warranty to the purchasers.  The moneys arising from the sales were to constitute a fund or funds to be applied to the use of the societies in the town wherein they were collected, and to be put on interest upon good security;  and it was further provided, that the annual interest should be mortgaged to the use of schools in the respective societies forever ;  and in case of misapplication, should be forfeited for the use of the town.  On the other hand, the societies were required to furnish themselves with necessary highways, at their own expense, until that expense should amount to the principal of the fund ;  were to be responsible to the town for the due application of the money ;  and were to render account thereof, when

required.   The expenses of locating and selling the lands, liquidated and allowed by the select-men, were to be defrayed out of the funds.

Many parts of the highways in the society of *New-Britain* were sold under the preceding vote; the land was conveyed to purchasers; and the sum of 3000 dollars was received therefor, by that society; which now constitutes a fund of the society, under the vote of the town.   The expense of the location and sale of the lands, has been paid by the society.   It has held and still holds the fund in question; and the avails have been applied to its own use; but notwithstanding this, it has not furnished itself with any highways, nor defrayed the expense of necessary highways laid out within its limits, except in one instance, to the amount in expense of one fourth part of the principal of the fund; nor has it, in any manner, performed the obligation resting on it, by virtue of the vote of the town.

In *May*, 1785, the General Assembly incorporated the town of *Berlin*, including therein the society of *New-Britain*, and provided that said society should be exclusively entitled to the avails of the highways, according to the abovementioned vote, and that it should furnish all future highways within its limits.

The bill then averred, that in 1829, a highway was laid out, in *New-Britain*, at the expense of 500 dollars, besides damages accruing to individuals of 209 dollars more; which sums had been paid out of the treasury of the town of *Berlin;* and that other necessary highways have been laid out in said society, at great expense to the town; all which the society has refused to pay, and likewise to render an account of the fund.

The bill prayed for an account of the fund; for repayment of the moneys advanced for such highways; and generally, for relief.

To this bill the defendants gave a general demurrer; in which the plaintiffs joined; and thereupon the case was reserved for the consideration and advice of this Court.

*N. Smith* and *Hungerford*, in support of the demurrer, contended,   1. That if the plaintiffs had any right, they had adequate remedy at law, by the equitable action for money paid to the defendants' use.

2. That the town of *Farmington* had no interest in these

highways; and consequently, had no right to sell them. They belonged to the adjoining proprietors; who own *ad medium filum viæ*. *Grose* v. *West* & al. 7 *Taun.* 39. *Watrous* v. *Southworth*, 5 *Conn. Rep.* 305.

3. That the act of the General Assembly, in 1785, declaring that the society of *New-Britain* should be exclusively entitled to the avails of said highways within its limits, did not aid the vote of the town. This act could not divest the owners of the property of their rights; especially, as they were not parties to the proceeding, were not even notified of its pendency, and had no day in court.

4. That laying the rights of these owners out of the case, and admitting the act of 1785 to be valid, still the town of *Berlin* has no right to this fund. There was a compact between the town of *Farmington* and the society of *New-Britain*, before the town of *Berlin* had existence. The town to which the society, by the terms of that compact, was to be responsible and accountable, was *Farmington*. By the act incorporating *Berlin*, no new rights are given to that town in relation to these lands or the avails of them.

*I. Perkins* and *Toucey*, contra, contended, 1. That the defendants, by the acceptance of the grant, under which they have had the fund in question for more than forty years, assumed the performance of the condition annexed thereto. *Shepherd* v. *McEvers* & al. 4 *Johns. Chan. Rep.* 136. *The Attorney General* v. *Christ's Hospital*, 3 *Bro. Ch. Ca.* 165. *Denn* d. *Colden* v. *Cornell*, 3 *Johns. Ca.* 174. *Moses* v. *Murgatroyd* & al. 1 *Johns. Chan. Rep.* 119. 2 *Madd. Chan.* 48. and cases cited *ibid*. *Bigland* v. *Huddleston*, 3 *Bro. Ch. Ca.* 285. n. *Chetwynd* v. *Fleetwood* & al. 1 *Bro. Parl. Ca.* 300. (*Toml.* ed.) *Moore* v. *Butler*, 2 *Scho.* & *Lef.* 266. *Green* v. *Green*, 2 *Meriv.* 86.

2. That the General Assembly has confirmed both the grant and the condition; and expressly imposed on the defendants the performance of the condition.

3. That the General Assembly has transferred to *Berlin* the general liability for highways in the society, in the first instance, and the whole interest in the performance of this condition. *Newl. Contr.* 42. & seq. Hence the defendants are liable; and the plaintiffs have a right to enforce that liability.

4. That the mode is by a bill in chancery, to take the accounts and enforce the duties springing from the trust.

*Hartford,*
June 1832.

Berlin
*v.*
New-Britain.

HOSMER, Ch. J. Two general questions arise in this case, to wit, Whether there is adequate remedy for the plaintiffs at law ; and if not, whether they are entitled to the redress sought in chancery.

1. The facts averred in the plaintiffs' bill, if there be any remedy, unquestionably show, that there is adequate redress at law. The plaintiffs, by the general law of the state, (*Stat.* 266.) are obliged to make, build, and keep in sufficient repair, all the necessary highways within the limits of their town. From this, to a certain extent, they aver, that they were exonerated, by the defendants, who, on a consideration, received by them, expressly assumed to build the necessary highways, within the society of *New-Britain*. On application to them, for this purpose, the defendants refused to discharge this legal obligation, by reason of which the plaintiffs, as they were bound to do, by the law, built certain highways, and paid and expended large sums of money for this purpose. These sums they now seek to recover, by their bill. In these allegations are comprised all the elements of the action of *assumpsit* for money paid, laid out and expended.

The only seeming objection arises from the necessity of sustaining the averment, that the money was advanced at the special instance and request of the defendants. But this request the law implies, from the facts stated in the case. The defendant's assent is always implied, where the plaintiff is under a legal obligation to pay money, through his default. Such are the cases of sureties, who satisfy a debt ; of a person, who pays money on a bond or judgment, for the use of a joint obligor ; of one who, in consequence of the defendant's default, has been compelled to pay money to relieve his goods from distress ; and generally, where from the beneficial nature of the consideration and circumstances of the case, a request may be implied. 1 *Fonbl. Eq.* 336. n. *Yelv.* 41. n. (*Metcalf's* ed.) *Jenkins* v. *Tucker*, 1 *H. Bla.* 93. *Oatfield* v. *Waring*, 14 *Johns. Rep.* 188. 2 *Stark. Ev.* 100, 1, 2.

If there was a discovery required in the case, or the nature of the relief was specific, the plaintiffs' bill might be sustained ; but neither of these exist. An account from the defendants is not requisite, being a matter of defence only ; and the

Hartford,
June, 1832.

Berlin
v.
New-Britain.

recovery sought is for a sum of money, to be collected, in the usual manner, by execution.  *Coe* v. *Turner*, 5 *Conn. Rep.* 86.  *Kempshall* v. *Stone*, 5 *Johns. Chan. Rep.* 193.

2. If, however, the remedy were in chancery, the plaintiffs must fail.  They have no title.  They do not come here for the fund ; nor could they, as it could only be forfeited by misapplication.  But they demand the repayment of a sum of money advanced for the defendants, on the ground, that they bound themselves to *Farmington*, by the acceptance of the fund, to build certain highways ; and that this obligation has, by the legislature, been transferred to the plaintiffs.

In the first place, the defendants, by the transaction alluded to, with *Farmington*, were under no obligation to build any of the necessary highways within their limits.  Not to insist on the unauthorized proceeding of that town, in assuming to sell parts of their highways, without any legal authority, and to convey land which they had no right to convey, or to create in themselves any legal or equitable consideration to the engagement made by the defendants, it is sufficient to say, that the defendants could not, and did not, bind themselves, by the contract they assumed.  They were a corporation, created for certain purposes only, and invested with specified powers.  The authority to contract for the building of highways within their limits, on any consideration whatever, was not one of them.  The powers of a corporation, an artificial person, are such, and such only, as its charter confers.  It may act in the manner and for the purposes prescribed ; but beyond this limit it cannot go.  Hence, it is established law, that under the *enabling* act of a corporation, from which all its authority is derived, it has no powers except such as are especially granted, or such as are necessary to carry into effect the granted powers.  *Head & Amory* v. *The Providence Insurance Company*, 2 *Cranch* 127.  *The People* v. *The Utica Insurance Company*, 15 *Johns. Rep.* 383.  *Broughton* v. *Manchester Water Works Company*, 3 *Barn. & Ald.* 1.  *Stark* v. *Highgate Archway Company*, 5 *Taun.* 792.  *The New-York Firemen Insurance Company* v. *Ely* & al. 5 *Conn. Rep.* 560.

It neither has been nor can be pretended, that *Farmington* ever had any right, within the range of these principles.  The utmost that can be insisted on, is, that the money advanced to *New-Britain*, without consideration, *Farmington* has a right to resume.  On this subject, however, I express no opinion.

*Hartford,*
*June 1832.*

Berlin
*v.*
New-Britain.

If, however, there once existed in *Farmington* the right the plaintiffs now claim, there is no ground of pretence, that the legislature could annul this right, and transfer it to the plaintiffs; or that they have even attempted to do it.

In the first place, the legislature was incompetent to make the transfer. *Farmington* was no party to the proceeding before them; and the rights and property of an individual or corporation, the legislature had no authority to annul or impair. This proposition is self-evident, at least, to every mind, that does not admit the legislative authority over the property of every individual and every corporation, to be absolutely and unqualifiedly supreme. Nor have they attempted to transfer their claim. *Berlin* was incorporated a town, with the usual rights and duties, and in the customary manner. The charter of incorporation contains no transfer of the demanded right; nor is there any thing in this instrument, indicating an intention in the legislature, to invest the plaintiffs with a title to the contract in question.

It, however, has been insisted for the plaintiffs, that the legislature, by the act incorporating the town of *Berlin*, have subjected the defendants to the obligation of making the highways before-mentioned, by declaring, that said society shall be entitled to the avails of the highways within its limits, and shall provide within the same limits all future highways. To this I reply, that this provision was beyond the competency of the legislature. The society of *New-Britain* was no party to the act of incorporation; and the consideration of this unusual burden, that is, the avails of the highways sold, and which were not, and could not be, accepted, by the defendants, it was not within the power of the legislature to grant. From this source, then, the defendants are put under no obligation, even if the plaintiffs could avail themselves of it; a point I do not concede, nor shall I discuss, as it is a consideration of no moment.

For the reasons assigned, the superior court must be advised, that the plaintiffs' bill be adjudged insufficient.

The other Judges were of the same opinion.

Demurrer to be sustained, and
Bill dismissed.