FRANK E. RAY vs. THE ROBERT PRICE COAL COM-
PANY ET ALS.

First Judicial District, Hartford, March Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Chapter 194, § 26, of the Public Acts of 1903, provides, among other
things, that whenever the assets of a joint stock company are in
danger of waste through attachment, litigation, or otherwise, the
Superior Court may, if it finds sufficient cause, dissolve the corpo-
ration and appoint one or more receivers to wind up its business.
*Held* that the mere fact that the business of a trading corporation
had been run at a loss since its organization three or four years
before, did not necessarily and as matter of law call for its disso-
lution and the appointment of a receiver; that the statute had very
properly confided to the court a large measure of judicial discre-
tion in determining what course it was best on the whole to pursue
in any given case, and that unless the exercise of such discretion
had been abused, the judgment of the trial court was conclusive.

Argued March 3d—decided April 14th, 1908.

SUIT by a minority stockholder for the dissolution of the
defendant corporation, on the ground of alleged fraud, col-
lusion, and gross mismanagement, in the conduct and con-
trol of its business by the two other stockholders, who were
its salaried officers, brought to and tried by the Superior
Court in Hartford County, *Case, J.*; facts found and judg-
ment rendered for the defendants, and appeal by the plain-
tiff. *No error.*

The plaintiff is one of three sole and equal owners of
the stock of the defendant corporation, which was organ-
ized in May, 1904, as a trading corporation, having an
authorized capital of $25,000 and a paid up capital of
$15,000. The other shareowners were and are Robert Price
and George T. Price. The three were made directors of
the company, Robert Price its president, George T. Price
its secretary and treasurer, and the plaintiff an employee.
Each of the three was voted a salary of $1,500 a year.
The two Prices have ever since held the positions and

drawn the salaries stated. The plaintiff continued to draw his said salary as employee until late in the year 1905, when trouble arose over the performance of his duties, and he left his position and resigned his directorship. Since that time the plaintiff has had no active part in the management of the corporation or its affairs. The character of the trouble is not found by the court. It is found, however, that no blame in this connection attaches to either of the Prices, that the trouble referred to was not claimed to be due to any fault, misconduct, or mismanagement on the part of either of them, and that it did not appear that the plaintiff's retirement from the company's business office was not for its best interest.

The company's business had been run at a loss from its organization. The loss, however, was materially less the last year than during either of the two previous years. During the first two years the loss amounted to $4,649, and for the last year $1,888.17. The largest business was transacted the first year, the least the last.

Other facts are sufficiently stated in the opinion.

*Joseph P. Tuttle*, for the appellant (plaintiff).

*J. Gilbert Calhoun*, for the appellees (defendants).

PRENTICE, J. This complaint was brought under the provisions of § 26 of chapter 194 of the Public Acts of 1903. It is there provided that under certain prescribed conditions one or more stockholders, owning not less than one tenth of the capital stock of a corporation having such stock, may apply to the Superior Court for the dissolution of such corporation and the appointment of a receiver to wind up its affairs, and that upon such application the court may, if it finds that sufficient cause exists, grant the prayer of the application. With respect to the conditions under which the application may thus be made and granted, the provisions here pertinent are that the proceedings may be had whenever there has been any fraud, collu-

sion, or gross mismanagement in the conduct or control of the corporation, or its assets are in danger of waste through attachment, litigation, or otherwise.

The complaint charges that all these conditions existed in respect to the corporation sought to be wound up. The court has found that no evidence was offered of fraud or collusion, and that the charges of fraud, collusion, and gross mismanagement were not sustained. The charge of waste was sought to be supported by proof that excessive salaries were being paid to the president and treasurer, the only stockholders other than the plaintiff; that an excessive rental was being paid to these persons for the use of the real estate needed for the conduct of the company's business; and that since the company's organization in May, 1904, its business had met with the loss outlined in the finding. The court has found that neither the salaries nor rental was excessive or disproportionate, in view of the duties called for and the character of the property involved, and that there was no such danger of waste by attachment, litigation, or otherwise, as to call for the dissolution of the corporation and the appointment of a receiver. If, therefore, error is to be found in the judgment dismissing the complaint, it must be for the reason that the company's losing business, as outlined, of necessity created such a condition of danger from waste, within the meaning of the statute, that the court had no option but to appoint a receiver. It is unnecessary to define the term " waste " as used in the statute, since whatever one of its possible shades of meaning be adopted, it yet remains that the court, upon an application of this character, has confided to it the exercise of a sound judicial discretion. The application is addressed to it as a court of equity, and the statute recognizes the extent to which the exercise of judicial discretion must enter into any fair determination of the course of action upon such proceedings, when such language is chosen as confers a power only. There is no undeviating rule of action laid down. The court is empowered to take steps to wind up the corporation. It is not

commanded to do so. Its action in any given case is, as it ought to be, left to be governed by its judgment, fairly exercised upon the facts before it, as to what, upon the whole, is wisest and best for all concerned. In the present case the court had the facts presented to it. In the performance of its duty it weighed them to determine what action, under all the circumstances, ought to be taken. Its conclusion was that no such situation was disclosed as to call for the dissolution of the corporation and the appointment of a receiver. There is nothing to indicate that in arriving at this conclusion there was any abuse of the judicial discretion confided to the court. The judgment rendered must therefore be conclusive.

The plaintiff asks for a correction of the finding in a single particular. The evidence certified to this court is not sufficient to justify the correction asked to be made.

There is no error.

In this opinion the other judges concurred.