## VALERIE BLAND v. THE LEE C. BLAND CORPORATION

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 78720

Memorandum filed August 4, 1949

*Goldstein & Peck,* of Bridgeport, for the Plaintiff.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for the Defendant.

ALCORN, J.   The plaintiff seeks a receiver and dissolution of the.defendant corporation.

The defendant was organized in the latter part of 1943.   The plaintiff's husband has been president, guiding head, and a director continuously ever since, and the plaintiff became vice president and a director in 1944.   The defendant maintains a display room and office in New York City but the nature of its business requires no capital investment in realty or equipment. Its activity centers upon shopping about for items which can be cheaply imitated and manufactured for sale in chain stores, and collecting a commission through obtaining a manufacturer to produce and a retailer to sell them.   No personnel is involved beyond a few employees in the office.   The outstanding stock is

distributed, except for an insignificant number of shares, be-tween the plaintiff, her husband, and trustees for their two daughters. The defendant, in brief, is a closely-held family corporation serving as a medium for the husband to operate as a commission salesman.

In 1948 the plaintiff's domestic ties reached the breaking point. Her husband left her, and in May, 1948, they entered into an agreement one of the terms of which was that, in the event that a decree of divorce should thereafter be granted to either party, the plaintiff would surrender her stock in the de-fendant and sever her connection as an officer and director. In furtherance of this agreement she delivered her stock "in es-crow" to her New York attorney to hold, and to deliver to her husband only in exchange for a certified copy of a decree of absolute divorce. No divorce has been granted and the plain-tiff's stock is still held under this agreement.

The present action is a part of litigation which has followed the domestic break. In June, 1948, the plaintiff brought action in Connecticut for divorce, the husband filed a cross-complaint, and the action is about to be reached for assignment for trial. The defendant corporation has sued in New York for the plain-tiff's stock, claiming to own it, and that action is pending. The plaintiff's husband went to Reno, Nevada, in October, 1948, in part at least, to obtain a divorce, but was enjoined by this court from proceeding with such an action.

This background enlightens and explains many incidents in the affairs of the defendant but the issues in the present action must be resolved independently of collateral contentions. The single question now presented is whether or not the plaintiff is entitled to a receiver and a dissolution of this defendant.

It is the defendant's position, in the first place, that the plain-tiff is not a stockholder entitled to maintain this action under General Statutes, § 5226, either because of the "escrow" under the agreement with her husband or because of a claimed pur-chase of her stock by the corporation. It is undisputed that the stock issued to the plaintiff exceeds the 10 per cent required under the statute. The purchase, which is now claimed to have been made in April, 1948, is not established. The only com-ment necessary upon this issue is that there is no evidence of compliance with the statutory requirements prerequisite to the defendant acquiring its own stock; § 5181; the purported pur-chase finds official recognition in January, 1949, after the pres-

ent action was commenced, in a self-serving minute of a directors' meeting of which the plaintiff had no notice; and the plaintiff's husband, who dominates the defendant's affairs, recognized the plaintiff as the owner of her stock in the agreement he made with her only about a month after the belatedly claimed purchase.

As an alternative to the claim of purchase the defendant insists that the plaintiff foregoes her right as a stockholder to obtain the relief sought here by reason of the "escrow." Carried to its ultimate conclusion, that reasoning, assuming the agreement to be valid, effectually eliminates her as a stockholder forever, should neither party have ground for divorce or if the husband, alone having grounds, should refrain from seeking a divorce.

The deposit of the plaintiff's stock with her attorney to be delivered upon the happening of an event which has not materialized is legally inoperative to divest her of title. *Wolcott* v. *Coleman*, 1 Conn. 375, 381; *Huntington* v. *Smith*, 4 Conn. 235, 237; *Coe* v. *Turner*, 5 Conn. 86, 92. There is no proof of that intent to make a present delivery which would result in the plaintiff parting with dominion and control over the stock. *Grilley* v. *Atkins*, 78 Conn. 380. Since the element of delivery which is essential to transfer title to a certificate under the Uniform Stock Transfer Act (§ 5187) is lacking, it cannot be said that title to the stock has passed. Neither is it equitable to say, in this transaction between parties who are equally in full possession of the facts, that ownership is to be conclusively controlled by the indorsement appearing upon the certificate under § 5185. *Gray* v. *Graham*, 87 Conn. 601. It is concluded that the plaintiff has a stock ownership within the meaning of § 5226 entitling her to maintain this action.

It remains to consider whether she is entitled to a receiver and dissolution of the defendant. The reasons advanced by the plaintiff fall under the four main propositions that an illegal attempt has been made to oust her as vice president and director, the defendant has failed to meet the legal requirements of statutes and its own by-laws in its operations, the plaintiff has been denied access to the defendant's books and records, and funds of the defendant have been diverted to the individual benefit of the plaintiff's husband and others.

In the decision of the question presented, the court is invested with a large discretion "to be governed by its judgment, fairly

exercised upon the facts before it, as to what, upon the whole, is wisest and best for all concerned." *Ray* v. *Robert Price Coal Co.,* 80 Conn. 558, 561. That discretion, nevertheless, is a sound judicial discretion, in the application of which the availability and adequacy of other remedy is a consideration to be carefully weighed. *Chatfield Co.* v. *Coffey Laundries, Inc.,* 111 Conn. 497, 501. A receivership is a drastic remedy, and if some course less stringent will meet the situation that course should be taken. *Massoth* v. *Central Bus Corporation,* 104 Conn. 683, 695; *Chatfield Co.* v. *Coffey Laundries, Inc.,* supra. In weighing the circumstances in the light of the grounds for the appointment of a receiver specified in § 5226, the final ground described in the statute as "any good and sufficient reason" is to be considered from the standpoint of causes of the same general nature as those specifically enumerated and such as are recognized on general equitable principles as grounds for receivership and dissolution. *Olechny* v. *Thadeus Kosciuszko Society,* 128 Conn. 534, 538.

As previously stated, this corporation benefits largely from the personal efforts of the plaintiff's husband. The evidence is further that two of the defendant's most profitable customers have, by contract, made their business relations with the defendant dependent upon his continuing as its directing head. Nothing is disclosed which legally binds the husband to continue to serve this corporation should he choose to abandon it for other interests. A highly important consideration is that, because of that circumstance, the mere appointment of a receiver could conceivably have the practical result of at once ending the defendant's present profitable existence. It is not at all clear that the plaintiff's efforts could sustain it if her husband stepped aside. It is to no one's interest to invite that risk.

The defendant's net profit has increased rapidly from $2,373.13 for its first year of operation to $87,906.16 for the first nine months of the most recent year. Salaries and other expenses have maintained a consistent ratio from year to year. Dividends were paid in October, 1946, and December, 1947, and the plaintiff received her proper share.

The purported removal of the plaintiff as vice president and director took place in November, 1948, following the marital rift and the claimed purchase of her stock. As vice president she had drawn a substantial salary which may, when considered in connection with the large salary drawn by her husband and

the manner in which the corporate stock was held, give meaning to the infrequency of dividends.

No attempt to test the plaintiff's status as an officer or director has been made, as it might have been, other than the bringing of this action. Nor does the evidence establish any serious desire or effort to examine the corporate books and records except in connection with this action and after the purported severance of plaintiff's connection with the corporation.

Without reciting the many details disclosed upon the trial, it is sufficient to observe that all of the acts complained of, whether they be irregularities through failure to comply with statutory requirements or corporate by-laws, or misuse of corporate funds, show a continuity embracing most of the period of plaintiff's activity as an officer and director. Some of the practices now complained of date from the first year of the defendant's existence. It is not shown that the plaintiff ever objected to or endeavored to correct any of the claimed abuses in her capacity as an officer and director. As an officer and director she countenanced them and it is too late to make an issue of them now. High, Receivers (4th Ed.) §§ 14, 295. It is a fair inference that the collateral marital rift rather than any real objection to the acts done lies at the basis of this complaint.

No loans are shown to have been improvident, none have caused any loss to the defendant. All loans to the plaintiff's husband have been repaid. The informality with which corporate activity was conducted is not necessarily objectionable in view of the nature of the corporation and the interests involved. *Barkin Construction Co.* v. *Goodman,* 221 N. Y. 156; 2 Fletcher Corporations (Perm. Ed.) § 394.

The single incident which has arisen since the plaintiff's active participation as an officer and director, and which is of a type not duplicated during her tenure, is her husband's use of the corporation automobile for his trip to Reno and the charging of certain expenses of that trip to the corporation. Quite aside from his claim that business of the corporation was also involved, the factors involved are too trivial to justify a receiver and can, if necessary, readily be adjusted through a less drastic remedy.

The circumstances do not call for the appointment of a receiver, and the complaint is dismissed.

Enter a decree accordingly.