[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an unemployment compensation appeal under 31-249b of the General Statutes. On appeal the court is limited to a review of the record certified and filed by the board. United Parcel Services, Inc. v. Administrator, 209 Conn. 381, 385. The court does not hold a trial de novo, retry the facts or hear evidence. Id.; Burnham v. Administrator, 184 Conn. 317, 321. It must follow the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where the board of review adopted the findings and affirmed the decision of the referee. Id., 321; DaSilva v. Administrator, 175 Conn. 562, 564; Stamford v. Administrator, 15 Conn. App. 738, 742. The factual findings of the referee must be upheld if they were reasonably and logically drawn. Westport Development Mfg. Co. v. Administrator, 9 Conn. 189, 190; Guevara v. Administrator, 172 Conn. 492, 495-96. The court decides whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. United Parcel Services, Inc. v. Administrator, supra, 385, 386.
The appellant conceded that the court must follow the factual findings of the referee which were affirmed by the board. After a review of the record following the standard for judicial review of the board's decision, the court upholds the findings of the board that the employee's transfer to a completely different position was a substantial change in the conditions of her employment, and that the employee's stress and concerns in performing that new position, coupled with her past medical history, amounted to a significantly adverse affect on the employee.
However, there is insufficient evidence in the record to determine whether the employee attempted to find suitable employment with the employer before leaving her employment. The employee resigned without prior notice, and the resignation was effective immediately. Section 31-236-22(a)(2) requires a claimant to express dissatisfaction regarding the working conditions to the employer and unsuccessfully seek a remedy through means reasonably available to the employee before leaving the employment. There is an exception to this rule where it is clear that no suitable alternatives were available, and the employee does not have to engage in a futile act of discussing alternative means of CT Page 3028 employment with the employer. However, the employer was arguably faced with a final decision by the employee before being given an opportunity to offer other employment. While one of the findings is that the employer spoke to the claimant concerning a secretarial position and some work at home but made no other firm offer of work, those initial proposals were also rejected by the employee. There is insufficient evidence and insufficient findings of fact for the court to review whether this requirement had been met. While the appellant made no motion to correct the finding under 515A of the Practice Book, it is not apparent that such a motion would have been productive. A motion to correct the findings requires submission of relevant and material evidence from the proceedings before the board, and it is not apparent that there was any such evidence. What is needed is an additional finding with evidence to support it, not a correction of an existing finding.
Further proceedings are needed on the record to determine whether reasonably available suitable work existed and was offered to the claimant before she quit her employment.
The appeal is remanded to the Board for further proceedings on the record. Section 31-249b C.G.S.
ROBERT A. FULLER, JUDGE