ALBERTO T. RORABACK *vs.* THE PENNSYLVANIA COMPANY.

Hartford Dist., Jan. T., 1890. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS AND THAYER, Js.

The report of a case in the official reports of the decisions of the Supreme Court of the state, is not admissible to prove that counsel stated in the report to have argued the case, did in fact appear and argue it.

It is the proper way, in examining an expert, to state all the particulars upon which his opinion is sought.

But the direction of the matter lies within the discretion of the presiding judge.

[Argued January 7th—decided January 31st, 1890.]

ACTION to recover for legal services; brought to the Court of Common Pleas of Litchfield County, and tried to the jury before *Bradstreet, J.* Verdict for the plaintiff, and appeal by the defendant for errors in the rulings of the court. The case is sufficiently stated in the opinion.

*D. Davenport* and *W. H. O'Hara*, for the appellant.

*D. T. Warner* and *W. B. Smith*, for the appellee.

ANDREWS, C. J. The plaintiff is an attorney at law, and as such rendered services for the defendant in an action brought against it jointly with the Chicago, Burlington & Quincy Railroad Company by one Harry Palmer and his wife. That action was tried in the Superior Court and in the Supreme Court of Errors. To recover for the services so rendered this suit is brought. The complaint is in assumpsit; the answer is a general denial. The case was tried before a jury in the Court of Common Pleas for Litch-field County and the plaintiff had a verdict. The defendant has appealed.

The finding states that upon the trial "the plaintiff offered in evidence the printed record contained in 56 Conn. Reports of said case of Harry Palmer and wife against the Chicago, Burlington & Quincy Railroad Company and the Pennsylvania Company, to which the defendant objected on the ground that it was irrelevant and immaterial, but the court overruled the objection and admitted the testimony, the defendant duly excepting." This ruling is one of the reasons of appeal. The finding does not state any ground upon which the evidence was claimed at the trial to be admissible. In the oral argument before the court counsel for the plaintiff say it was offered to show that the plaintiff was actually before the Supreme Court in the Palmer case, that he made an argument there, and that he prepared a brief in the case.

We think the admission of that record was error. As a general rule any statement, either in writing or oral, made by a person not called as a witness, is not admissible to prove the truth of any fact asserted in such statement. To this general rule there are various exceptions; but there is no exception to it which can make the printed statement in the report admitted in evidence relevant to prove any of the things claimed to be proved by it. Stephen's Digest of the Law of Evidence, art. 14; Wharton on Evidence, § 175, *Commonwealth* v. *Ricker*, 131 Mass., 581.

The other reasons of appeal are based upon the form in which questions were asked of sundry witnesses called as

experts and whose opinion was desired. In asking questions of a witness whose opinion is to be given it would be safer always to enunciate in the question all the particulars upon which the opinion is sought. If this is done the witness will have distinctly in mind all the elements which are to enter into the opinion he gives, and the jury also will know what these elements are, and so be able properly to weigh the opinion when given. A prudent lawyer would be quite likely to ask such questions in this way. In most cases the court would probably require this kind of questions to be put in the form indicated. But as there may be cases in which no harm could be done by permitting questions which are to be answered by the opinion of the witness, to be asked without such enunciation, we think it may fairly be left to the discretion of the presiding judge to prescribe the form in which such questions must be asked, whenever it is necessary to do so. *Woodbury* v. *Obear*, 7 Gray, 469.

There is error upon the first mentioned reason of appeal and a new trial is granted.

In this opinion the other judges concurred.