## Baily's Estate.

*Wills—Construction—Provisions to secure equality among children — Payment of inheritance taxes out of residuary estate — Codicil.*

1. Where a testator bequeaths certain specific legacies, including one to his son, and gives his residuary estate to his three daughters, charging it with payment of the inheritance or succession taxes, and states that it is his intention to treat his children as nearly equal as possible in the division of his estate, the son will be chargeable with a pro rata part of the inheritance taxes, including the federal estate tax, where it appears that testator by a codicil directs that there shall be charged against the bequest to his son "a pro rata share of any and all taxes, including inheritance taxes, that may be chargeable against my residuary estate."

2. The language of the codicil is sufficiently comprehensive to include the federal tax, though technically not an inheritance tax, where a reading of the whole will leads to the conclusion that the testator so intended.

Argued April 20, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 12, Jan. T., 1928, by Fisher Corlies Baily, legatee, from decree of O. C. Montgomery Co., March

T., 1926, No. 34, dismissing exceptions to adjudication, in estate of Frederick L. Baily, deceased. Affirmed.

Exceptions to adjudication. Before SOLLY, P. J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Fisher Corlies Baily, legatee, appealed.

*Error assigned,* inter alia, was decree, quoting record.

John M. Clarke, with him Wm. Clarke Mason and Morgan, Lewis & Bockius, for appellant.—It is appellant's contention that he is liable only for his pro rata share of those taxes, including inheritance taxes, "that may be chargeable against my residuary estate," and that the determination of his liability in respect of taxes depends upon the proper construction to be placed on the words quoted.

In the absence of any direction to the contrary by a testator, the taxes which are chargeable against any residuary estate would be only those taxes which become so chargeable by operation of state and federal inheritance taxing statutes. Under the Pennsylvania inheritance tax laws, each legatee is liable for the tax on his own particular legacy, and residuary legatees are likewise liable for the tax on their residuary interests. Under federal inheritance tax statutes, no legatees, specific or residuary, are liable to pay the tax on their particular interests, as the federal estate tax is not a tax on the interest to which some person succeeds on a death, but the interest which ceases by reason of death; and the tax is therefore on the transfer of decedent's net estate: Edwards v. Slocum, 264 U. S. 61; Newton's Est., 74 Pa. Superior Ct. 361.

Effingham B. Morris, Jr., of Barnes, Biddle & Morris, for appellee.—The codicil states that the testator "modifies" the bequest to his son by making it chargeable with

"a pro rata share of any and all taxes, including inheritance taxes, that may be chargeable against my residuary estate," thus carrying out his intent of equal distribution.

The plain intent of the testator, as expressed in the codicil, was that all taxes should be paid, and that the legacy to his son should then be charged with such portion of all taxes as would be expressed in the ratio between his son's legacy and the net residuary estate passing in trust for the benefit of the testator's three daughters.

OPINION BY MR. JUSTICE FRAZER, May 9, 1927:

Testator died in 1923, leaving four children surviving him, and having made a will in which, after giving various specific legacies, he directed that "all collateral inheritance or other succession tax or taxes that may be chargeable against any of the above bequests shall be paid out of my residuary estate." He further stated that, "having given each of my children equal amounts during my lifetime and recognizing that my son will have the benefit of an income from an active business, which should yield a larger percentage than can be expected from the portion of my estate left in trust for my daughters, it is my intention to treat them as nearly equal as possible in this final provision so that each one shall have an equal income." This clause was followed by a gift to his son of a sum of money equal to one-fourth of his interest in a named partnership, and the residue was given in trust to pay the income to his daughters, and the survivors of them, for their lives under a spendthrift trust, with remainder to testator's grandchildren. Testator subsequently added a codicil in which he provided that: "In my said will in the ninth paragraph I provide that my son, Fisher Corlies Baily, shall receive a sum of money equal to one-fourth (¼) of the amount to the credit of my account in the firm of Joshua L. Baily & Company at the termination of the copartnership,

which would be at the end of the month next following my death. I hereby modify said bequest to the extent that there shall be charged against this bequest unto my said son, Fisher Corlies Baily, a pro rata share of any and all taxes, including inheritance taxes, that may be chargeable against my residuary estate. In all other respects I ratify and confirm my said will as heretofore written."

The sole question before us for determination is whether the direction to charge against the son named his pro rata share of "any and all taxes" includes the federal estate tax. The court below held this tax was properly included. Fisher Corlies Baily appealed.

It is true, as argued by appellant, that the federal estate tax is not an inheritance tax or a tax on the interest to which a person succeeds on death of the owner, but on the interest which has ceased by reason of such death: Edmunds v. Slocum, 264 U. S. 61. But to place a strict technical construction on the language used by testator would tend to defeat rather than aid the general expressed intent of testator to treat his four children "as nearly equal as possible." Having directed in his will that "all collateral, inheritance or other succession tax or taxes" should be paid out of the residue, and having made the bequest to his son without mentioning the question of payment of such taxes, and given the residue to his daughters, testator evidently later discovered that the will might reasonably be construed to impose on the daughters all taxes "chargeable against my residuary estate," hence added the codicil to remove doubt and charge his son's portion with its pro rata share of "any and all taxes." This term is sufficiently comprehensive to include the federal tax, and a careful reading of the whole will leads to the conclusion that testator so intended.

The decree of the court below is affirmed at appellant's costs.