JOHN T. L. HUBBARD ET AL. *vs.* JOSEPH CASERTA ET ALS.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued November 1st—decided December 18th, 1928.

*Clifford B. Wilson,* for the appellants (defendants).

*David S. Day,* for the appellees (plaintiffs).

MALTBIE, J. This action is the aftermath of the case of *Massoth* v. *Central Bus Corporation,* which came before us on appeal and our opinion in which is reported in 104 Conn. 683, 134 Atl. 236. The plaintiffs are stockholders in the Central Bus Corporation, owning one hundred and forty-four of the outstanding shares and one of them being entitled, under the terms of a judgment which had been rendered at the time of the trial, to forty-eight other shares. The defendants owned the remaining two hundred and forty outstanding shares. The defendants Caserta, Sydiskis, DeLeon, Harris and Schlump constitute, and since July 30th,

1926, have constituted, all the officers and directors of the corporation, except that the defendant Kohlman was a director until the annual meeting in January, 1927. Caserta is general manager of the corporation, Sydiskis is in charge of its garage, and the other defendants operate busses owned by it. By vote of the board of directors the defendants other than Kohlman have been receiving a salary of $50 a week, and he received the same salary as long as he was a director, and since then has received $40 a week. In the *Massoth* case we had before us the question of the validity of the salaries paid to the directors of the corporation, and we held that the plaintiffs in that action, who were attacking them, could not prevail because it appeared that all the stockholders of the corporation, including themselves, had authorized and approved the action of the directors in voting them and had participated in the benefits resulting from those votes; but we pointed out that, as the votes for the payment of the salaries were for an indefinite time, any of the stockholders who were debarred upon these grounds, having ceased to participate in the benefits, might withdraw their consent and the estoppel against objection on their part would then cease; that the bringing of the action was notice of a withdrawal of that consent; and that thereafter the directors would be justified in retaining only such sums as would represent reasonable compensation to them for the services they had in fact performed. Following the handing down of that decision, the plaintiffs herein, who were also plaintiffs in that action, on August 10th, 1926, notified the corporation and each individual defendant of their demand that only reasonable compensation should be paid to each for the services he had rendered and that each should keep an account of the services performed. This action, brought December 22d, 1926,

seeks an injunction restraining the continuance of the payments of the salaries to the defendants and an accounting by each of them of any sums received in excess of reasonable compensation for services performed. The trial court gave judgment for the plaintiffs, finding that, except as regards Caserta, the payments made to them were excessive, and that $35 a week was a reasonable weekly compensation to them, and it decreed an accounting of the overpayments made since August, 1926, and an injunction against the payment to the defendants other than Caserta of any sums as weekly compensation greater than $35.

The defendants seek to strike out certain paragraphs of the finding and to have added to it certain paragraphs of their draft-finding, but an examination of the evidence fails to disclose a basis for any of these changes. The finding that the services performed by the defendants other than Caserta were of the same general nature as those performed by employees who were not directors, is to be read in connection with a further finding that they did perform certain occasional services of a different nature and, so qualified, it is supported by the evidence. There was opinion evidence that the difference between the $50 a week paid the directors who operated busses and the amount paid other operators by the company was fair and proper, but of course that evidence was not conclusive upon the court, but was to be weighed by it in view of the circumstances of the case, as an aid in reaching a sound conclusion; and the finding of the court that the maximum reasonable compensation to the defendants other than Caserta was $35 a week on the basis of an employment day of nine hours, with proportionate allowance for overtime and reduction for undertime, cannot be deemed unreasonable, in view of the fact that this allowed to the director drivers and

to Kohlman a substantially larger sum than was paid to other drivers and maintained the same parity of compensation between them and the defendant Sydiskis as existed under the vote of the directors. In view of these facts, the finding of the trial court that the excess payments to the directors beyond this reasonable compensation were made with intent to distribute funds of the corporation to them cannot be held unreasonable. The same considerations dispose of certain of the claims of the defendants for the addition of paragraphs of their draft-finding. It is true that Caserta testified that, if the directors ceased to perform services in addition to such as were rendered by the drivers employed by the corporation, three other men would have to be employed to attend to these matters; but in view of the very meager description given of those services the trial court might well refuse to give credence to this evidence. That all the directors are fully cognizant of the services rendered by each other and none deems the payment of $50 a week to be excessive, if it be regarded as other than the expression of an opinion held by them, is not a fact of any consequence.

The only claim of law advanced by the defendants is that the court will not, at the suit of minority stockholders, interfere with the proper management of the affairs of a corporation by its directors. That principle is not applicable to this case. Here, as pointed out in the *Massoth* case, the plaintiffs' rights arise out of the fact that the claim of compensation by the defendants had its origin in an agreement which could not be authorized by the board of directors of the corporation except by their own votes, and which was therefore voidable at the election of interested parties without regard to the good faith of the directors or the fairness of the transaction, and out of the further fact that, if

the weekly payments represented a withdrawal of assets of the corporation, though in guise of compensation, the vote authorizing them was *ipso facto* void. *Massoth* v. *Central Bus Corporation,* 104 Conn. 683, 689, 691, 134 Atl. 236.

There is no error.

In this opinion the other judges concurred.