MINOTTE E. CHATFIELD COMPANY ET AL. *vs.* THE COFFEY LAUNDRIES, INCORPORATED.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 10th—decided June 2d, 1930.

498

*Walter J. Walsh,* for the appellant (defendant).

*David M. Reilly,* for the appellees (plaintiffs).

HINMAN, J. The first six reasons of appeal attack each of the conclusions as not reasonably supported by the facts found or a reasonable inference therefrom. The subordinate facts established that Coffey, through his own holdings and the allegiance and co-operation of McGrail, was in control of the action of the stockholders, and that he controlled the board of directors. It is a plain inference from his attitude and conduct that no redress was to be expected through the corporation, so controlled. The assignment attacking the conclusion (four) that Coffey was misappropriating the funds and property of the corporation is not pursued. The subordinate facts and the preceding conclusions amply sustain the charge of mismanagement in conduct and control. These considerations are sufficient to satisfy the broad and liberal requirements of our statute authorizing the appointment of a receiver. General Statutes, § 3443; Public Acts of 1919, Chap. 151, § 3; *Sheehy* v. *Barry,* 87 Conn. 656, 661, 89 Atl. 259; *Cogswell* v. *Second National Bank,* 76 Conn. 252, 262, 56 Atl. 574; 23 R. C. L., Receivers, §§ 14, 15, pp. 21, 22; 43 A. L. R. 244, note. The fact that the corporation was solvent is not a controlling or necessarily weighty consideration adverse to the appointment of a receiver; nor is the further fact that the assets of the defendant corporation other than the proceeds of the sale were included in the contract and belong to the vendee, since the defendant would be holden for any

such assets diverted to or retained by individuals or wasted or otherwise disposed of. *Zeckendorf* v. *Steinfeld,* 225 U. S. 445, 32 Sup. Ct. 728, 56 L. Ed. 1156. The determinative inquiry is whether, considering all the circumstances, the affairs of the corporation should continue to be managed and wound up by those in control of it or, instead, it appears that those in control are so using their power that the property of the corporation should be taken over and administered under the direction of the court. *Cogswell* v. *Second National Bank, supra.* The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules, and such exercise is not to be disturbed lightly nor unless abuse of discretion or other material error appears.

The availability and adequacy of another remedy is, as the appellant claims, a consideration to be carefully weighed in deciding whether a receiver is necessary. If it appears that some expedient action or remedy, less stringent in effect than a receivership, will meet the situation, that course should be taken. *Massoth* v. *Central Bus Corporation,* 104 Conn. 683, 695, 144 Atl. 39. Here, however, the faults found in the conduct and situation of the corporation are such as to fully justify the judgment of the trial court, inferable from its decision, that the intervention of a receiver afforded the most direct and practicable means of relief for, and to secure just protection to, the complaining stockholders, as compared with the stockholders' suits which the appellant suggests as an alternative. Considerations, such as the effect of a receivership upon the business standing, credit, and welfare of a going concern, which often dictate a preference for other means of redress, are wanting in the present situation.

It appears from the record that this action was re-

turnable the first Tuesday of May, 1929; that on May 11th, after the return day, a motion for appointment of a temporary receiver was filed but it was not until July 9th that such temporary appointment was made, after an answer had been filed (June 24th) by the defendant corporation and, on several days thereafter, all the evidence produced by both parties as to all the issues raised, was heard. The hearing on confirmation was then set for August 9th, when the appointment was confirmed and made permanent. This procedure conformed to § 51, Rules of Court. Practice Book, p. 253. No valid reason was advanced or appears why, as the appellant claims in reasons of appeal, he was entitled to a retrial of the same issues before the making of the temporary receiver permanent.

The remaining assignments of error pertain to rulings on evidence. A claim adjuster for an insurance company was permitted to testify that the company was paying Coffey for total disability during the period covered by the salary as manager of the defendant corporation which Coffey had drawn. The only ground of the objection to the testimony which was urged—that it was irrelevant and immaterial—was not well taken. It had a direct and important bearing upon his right to the salary in question. William H. Yates who, in September, 1926, bought stock in the defendant corporation and became a director, testified that, in making the purchase, he dealt with Coffey, was inquired of if the latter told him whether or not the outstanding stock was paid for, and testified, over objection on the ground of lack of authority, that he was told that it was all paid for. The finding does not show whether Yates bought his stock from Coffey individually or, through him, from the corporation. If the former, the objection did not apply; if the latter, authority to make the representation is inferable from the scope of

Coffey's position as president and manager and his agency to obtain stock subscriptions as appears from the finding of facts. *Ackerson* v. *Jennings Co., Inc.,* 107 Conn. 393, 397, 140 Atl. 760; *Dresser & Son, Inc.* v. *Insurance Companies,* 101 Conn. 626, 641, 126 Atl. 912. Furthermore, the ruling, even were it erroneous, was too trivial in effect to constitute reversible error, and the same is true as to the admission, as an exhibit, of the printed copy of the testimony of Coffey in a compensation case, appearing in the Supreme Court Record of *Coffey* v. *Coffey Laundries, Inc.* (108 Conn. 493, 143 Atl. 880). This was introduced for the purpose of contradicting testimony of Coffey in the instant case. If offered in proper form it would be admissible. *Avery* v. *White,* 83 Conn. 311, 314, 76 Atl. 368; *Hedge* v. *Clapp,* 22 Conn. 262, 266; *Tomlinson* v. *Derby,* 43 Conn. 562. The case of *Roraback* v. *Pennsylvania Co.,* 58 Conn. 292, 20 Atl. 465, relied on by the appellant, is not in point. The offer was irregular and the transcript in that form should have been excluded. However, the record statement of the ruling does not show that the testimony was in fact contradictory, or tended to affect the credibility of Coffey and perusal of the evidence itself reveals nothing which could have so affected the result or worked any such prejudice to the defendant as would require or justify a new trial. *Vitakunas* v. *Mastco, Inc.,* 106 Conn. 286, 137 Atl. 733; *Carroll* v. *Arnold,* 107 Conn. 535, 544, 141 Atl. 657.

There is no error.

In this opinion the other judges concurred.