### KAMIL BAZ v. FRED C. ROESSLER

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 71269

Memorandum filed July 17, 1948.

*Harold E. Alprovis* and *Herman M. Levy,* of New Haven, for the Plaintiff.

*Harold C. Donegan,* of New Haven, for the Defendant.

MOLLOY, J.   This is an action for the appointment of a temporary receiver, under § 5936 of the General Statutes, of a business being operated as "Jimmie's Restaurant" at 31 Rock Street, West Haven, Connecticut, and for other equitable relief based upon the claim of a partnership by the plaintiff with the defendant.   As is usual in so many civil causes, there is much to be said on both sides, which is another way of saying that the court appealed to has a real problem on its hands to determine where the truth lies, and, in the instant case, just what is or was the relationship between these litigants.

The plaintiff claims he is a partner with the defendant.   *Morgan* v. *Farrel,* 58 Conn. 413, 422, and *Hotchkiss* v. *DeVita,* 103 Conn. 436, 445, give us a definition of a partnership and the elements necessary to establish such a relationship.   No discussion of that law is necessary.   The question is the application of that law to the facts disclosed by the hearing in this action.   I have given due consideration to the claims in the briefs as to the nature and effect of that evidence.   The court will seek to give effect to the intention of the parties, which may be shown by their express agreement or inferred from their conduct and dealings with one another.

Both these parties had reasons for the method and course they adopted for the operation of this business.   The plaintiff was financially involved and so he did not want his creditors to know of his business tie-up.   The defendant did not want his connection with the business to appear, because of the nature of his wholesale business and because in "Jimmie's Restaurant" he

would be in a retail business which might be resented by his customers. So they both engaged in an arrangement which, while legitmate, was only too sure to give rise to just what has happened when dispute between the two arose.

It seems to me that the questions in the plaintiff's brief are, for the most part, quite relevant on the issue of whether or not there was a partnership between these men. These questions are all based on the evidence. They cannot be lightly brushed aside. Nor can the testimony of Clifford W. Wilcox, the bank official who dealt with these men when the banking accounts were opened, be ignored. It was an important bit of testimony, as evident from the extracts furnished in the brief.

"The application for a receiver is addressed to the sound legal discretion of the court. . . ." *Chatfield Co.* v. *Coffey Laundries, Inc.,* 111 Conn. 497, 501. The court is therefore convinced that the plaintiff has a partnership interest in the business in question. In any event no harm can come if a temporary receiver is appointed until all the issues in dispute between these business associates can be finally determined.

The application for the appointment of a temporary receiver is granted. Who that person may be and under what terms or conditions he may operate or dispose of the business will be for the amicable decision of the parties or by further legal proceedings.