[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George O'Connor, has moved pursuant to 53-383 C.G.S. for appointment of a receiver to carry on the business of the defendant, Contract Plating Co., Inc. ("corporation") pending a full hearing on his motion to dissolve the corporation.
The plaintiff owns approximately thirty percent of the stock of the corporation, which employs approximately thirty people and is engaged in the business of applying finishes to metal parts. CT Page 2067 In his revised petition the plaintiff alleges that defendant Walter Rotzal, the president and controlling shareholder, has breached his fiduciary duties to him and the only other shareholder, Margaret Jacarusso, who owns approximately fifteen percent of the stock and is not a party to this action.
With regard to the motion for appointment of a receiver, the court finds the facts to be as follows. The plaintiff worked at Contract Plating Co., Inc., a company established by his great-uncle, from 1950 to 1986. In 1971 he owned one share of the company's stock, and he subsequently inherited additional shares from his aunt and from a trust established by his uncle, Raymond O'Connor, who also left stock to defendant Rotzal, a company employee for fifty years. The plaintiff retired in 1986 both from his employment and from his position as a corporate officer.
Since its inception in 1914 the company has never paid a dividend to its shareholders.
In his motion for appointment of receiver, the plaintiff claims that such relief is warranted because Rotzal
 1) wasted corporate assets by employing his daughter and her son at excessive salaries for duties which they are not required to or not qualified to perform and that he allowed family members to rent corporate property for inadequate consideration,
 2) has refused to pay dividends to plaintiff and the other minority shareholder and has otherwise managed the corporation's affairs in disregard of the interests of minority stockholders and
 3) has neglected his corporate duties by reason of illness, creating a void in management.
The plaintiff presented no evidence in support of the claim that Rotzal has neglected the business or is incapacitated by ill health.
The plaintiff did, however, demonstrate that Rotzal has caused the corporation to fail to hold shareholder's meetings in 1989 and 1990. He has further demonstrated that Rotzal has caused the corporation to employ his twenty-seven year old grandson, Alan Peters, at a pay rate of $39,000.00, which appears considerably higher than would be warranted for his position, which requires him to run errands, fill in as a driver for deliveries, and run CT Page 2068 the shipping room. Likewise, the evidence indicates that Rotzal has caused the corporation to employ his daughter, Veronica Peters, at a salary of approximately $45,000. that exceeds to some extent her skills and duties, especially in view of her testimony that she is allowed to come in to work at ten o'clock in the morning and to devote an average of two hours during each working day to volunteer activities.
The plaintiff's evidence was not credible with regard to the actual fair market rental value of a house on the corporation's property that is rented out to Alan Peters at the monthly rental rate of $300.00. The rent may well reflect a discount for substantial improvements that Peters made to the house, apparently at his own expense, and may also reflect the undesirability of a residential property adjacent to a metal finishing operation with waste lagoons. The only testimony as to fair rental value was rather sketchy evidence offered by the plaintiff who claimed to base his estimate on his expertise as a real estate salesman. His bias renders his testimony less than credible.
While the plaintiff has demonstrated that the defendants may be wasting corporate assets to some degree because of inflated salaries allotted to Rotzal's daughter and grandson, the court must consider whether this and the other circumstances shown are sufficient to require imposition of the harsh remedy of appointment of a receiver to conduct the business affairs of the corporation.
An application for the appointment of a receiver is addressed to the sound discretion of the court. Martin v. Martin's News Service, Inc., 9 Conn. App. 304, 311 (1986). The availability and adequacy of a less drastic remedy is to be carefully considered in deciding whether a receiver is necessary or whether some remedy less stringent than a receivership is available to address the situation. Chatfield Co. v. Coffey Laundries, 111 Conn. 497, 501
(1930). Leighton v. One William St., Fund, Inc. 343 F.2d 565, 568
(2nd Cir. 1965), 65 Am.Jur.2d Receivers 23.
Equitable relief is certainly available to compel the holding of any shareholders' meetings required by the corporate by-laws. In his post-hearing brief, the plaintiff urges this court to award injunctive relief in this regard, however this claim for an alternate remedy cannot be awarded in the absence of an actual application to the court for such relief, with due notice to the defendants. Inclusion of a request for such relief in a post-hearing brief does not constitute such notice and cannot be acted upon.
Claims of corporate waste and recovery of funds on behalf of the corporation can adequately be pursued in a shareholder's derivative suit. Barrett v. Southern Connecticut Gas Co., 172 Conn. 362, CT Page 2069 372 (1977).
In the presence of such remedies for the conduct identified by the plaintiff, the court does not find it prudent to resort to the more drastic remedy of appointing a receiver to take over the affairs of a small corporation which is clearly dependent upon the skills and continuity provided by its president as to its overall operations, in which the overpayment of two of the approximately thirty employees appear to be a relatively minor part.
For the reasons stated, the application for appointment of a receiver pendente lite is denied.
Beverly J. Hodgson, Judge.