[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR APPOINTMENT OF RECEIVER OF RENTS CT Page 2852
In this mortgage foreclosure action the plaintiff, New Haven Savings Bank, brings an application for the appointment of a Receiver of Rents for one rental unit in a condominium project owned by the defendant, Lorraine Mikolinski. The entire property consists of 11 units in various stages of construction, all located on Mallane Lane, Naugatuck. The defendant, Mikolinski, acquired the property by mortgage foreclosure on June 16, 1991, and thereafter she completed the construction of the unit that is the subject of the application. The entire property is included in the plaintiff's mortgage foreclosure action. The completed unit is rented by Mikolinski for $600 per month.
Based on the evidence presented at the hearing on the application, the court makes the following findings of fact. The defendant, Valley view Joint Venture, is a partnership and the construction loan mortgagor and the plaintiff, New Haven Savings Bank, is the mortgagee. The initial mortgage on the property was executed in 1986. Without determining the mortgage and other lien priorities the court finds that the defendant, Mikolinski, acquired an interest in the property on June 16, 1991. At the time of the hearing on February 4, 1993, the amount due the plaintiff on the loan was $2,078,631.42, plus interest of $459,718.72, accruing at a rate of $635.14 daily. The appraised value of the property as of October 31, 1992, is $1,530,000.00, leaving a deficiency of $548,631.40, plus interest. Although the defendant, Mikolinski is collecting $600 per month rent from one of the units included in the mortgaged property, she has not made any payment on the indebtedness to the plaintiff. since acquiring the property the defendant, Mikolinski, has failed to pay any of the taxes due on the property. The defendant, Mikolinski, has failed to pay the condominium association common fees. The common fees arrearage on the 11 units acquired by Mikolinski is $46,000, with $23,000 of this amount accruing since August, 1991. Although Mikolinski disputes some of these common fees, none of the fees, disputed or undisputed, have been paid.
The Connecticut law on receivership is clear. "When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an arm of the court. Bergin v. CT Page 2853 Robbins, 109 Conn. 329, 335, 146 A. 724. `Hence the mortgagee has no claim upon the income and profit in his hands as such; except as necessary for the protection of his rights. they still belong to the mortgagor or such person as may have succeeded to his interest in them.' Desiderio v. Iadonisi, 115 Conn. 652, 655,163 A. 254. Rents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property. Cronin v. Gager-Crawford Co., 128 Conn. 688,696, 25 A.2d 652. This follows from the rule that `[t]he extent of his recovery should not in any event, by whatever process effected, exceed the amount of his debt. . . . He can obtain more than the amount of his debt only where, in the absence of redemption, the value of the property appropriated exceeds the amount due him.' New Haven Savings Bank v. Warner, 128 Conn. 662, 666,25 A.2d 50." New Haven Savings Bank v. General Finance and Mortgage Co., 174 Conn. 268, 270, ___ A.2d ___ (1978). The uncontroverted evidence shows that there is a substantial deficiency, $548,631.40, between the mortgage debt, $2,078,631.42, and the value of the property, $1,530,000.00, as of October 31, 1992. Credible evidence indicates further that the defendant, Mikolinski, has failed to pay any of the municipal taxes due on the property, or any of the condominium association common fees. Regarding the payment of taxes, the Connecticut Supreme Court has said. "Primarily, the duty to discharge taxes upon the property rests upon the mortgagor or the owner of the equity and he owes to the mortgagee the duty to prevent any lessening of the value of the security which might endanger the payment of the mortgage debt by reason of their enforcement. Connecticut Mutual Life Ins. Co. v. Bulte, 45 Mich. 113, 122, 7 N.W. 707; Schaffer v. Hurd,98 N.J. Eq. 143, 148, 130 A. 228; Schreiber v. Carey, 48 Wis. 208,4 N.W. 124." Desiderio v. Iadonisi, supra, 655-656.
This foreclosure action has been pending since October, 1991 and its terminal date is still not evident. The court record consists of two files plus exhibits. The appointment of a receiver and the preservation of the mortgage assets in this case may be small, when the enormity of the debt is considered, nonetheless, "[t]he assets to which [the plaintiff] would naturally look for payment may be wanted or lost during protracted litigation." Hartford Federal Savings and Loan Assn. v. Tucker,196 Conn. 172, 175, ___ A.2d ___ (1985).
For all of the reasons stated, the enormous debt and the limited assets, the yearly increased taxes and common fees, the CT Page 2854 court concludes that in the exercise of its discretion that the application for the appointment of a receiver of rents should be granted.
Accordingly, a Receiver of Rents is appointed as set forth in the Order attached hereto.
ROBERT D. GLASS, J. State Trial Referee