ARTICULATION
On August 18, 1993, the Connecticut Light Power Company and the Yankee Gas Services Company (hereinafter "plaintiffs") filed a petition for an order to show cause for the appointment of receiver of rents pursuant to Sec. 16-262f of the General Statutes. Maria DaSilva, individually, and as Executrix of the Estate of Joseph DaSilva, and Steven Olivo, trustee (hereinafter "defendants"), own real property in Danbury. The plaintiffs allege that defendants are in default of payments for natural gas and electrical services.
Argument was heard on September 7, 1993, and the court requested that both parties submit briefs supporting their respective positions. Thereafter, having considered the parties' arguments, the court found in favor of the defendants and denied the petition.
"The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules . . . Dwan v. Gardella, Superior Court, Judicial District of Fairfield at Bridgeport, No. 285558 (October 23, 1991, Thim, J.), quoting Chatfield Co. v. Coffey Laundries, Inc.,111 Conn. 497, 501; O'Connor v. Rotzal, 6 CSCR 386 (March 14, 1991, Hodgson, J.). CT Page 3678
Section 16-262f provides, inter alia, that upon default of the owner, agent, lessor or manager of a residential dwelling who is billed directly by an electric or gas company, such company may petition the Superior Court for appointment of a receiver of the rents or payments for use and occupancy for any dwelling for which the owner, agent, lessor or manager is in default. The court shall forthwith issue an order to show cause why a receiver should not be appointed. A hearing shall be had on such order. The sole purpose of such a hearing shall be to determine whether there is a sum due and owing between the owner, agent, lessor, or manager and the company or municipal utility.
The plaintiffs argue that the sole purpose of a hearing pursuant to the cited statutory authority is to determine whether sums are due and owing by the defendants. They maintain that they have established that the sum of five hundred ninety-four thousand four hundred five dollars and one ($594,405.01) cent is due and owing as of August 4, 1993, and because the defendants have admitted throughout the course of this action that no payments have been made on the various accounts since February 1, 1993. They argue that the court has denied them their statutory remedy and has, in effect, "sanctioned the defendants' continued nonpayment of utility bills." Conversely, the defendants contend that the actions of the plaintiffs in pursuing collection of the promissory note for the same sums for which they seek a statutory receiver precludes them from the relief sought. Before granting the relief claimed in a receivership action brought under Sec. 16-262f, the court must determine whether or not the statute is indeed applicable at all. Southern Connecticut Gas Co. v. Housing Authority, 191 Conn. 514, 523.
Various accounts at issue in the present case were formerly the subject of three prior actions pursuant to Sec. 16-262f. In an effort to resolve the prior actions, the parties entered into an agreement whereby the defendant Maria executed a note in the amount of eight hundred forty thousand ($840,000) dollars secured by two mortgages on the defendants' property. The plaintiffs' election to foreclose the mortgage, wherein they seek to collect the same amounts sought in the instant action, is the subject of a separate pending action. See Yankee Gas Services Company v. DaSilva, No. 313170. This court is satisfied that the sum of five hundred ninety-four thousand four hundred five dollars and one ($594,405.01) cent is due and owing plaintiffs as defense counsel has stipulated that amount in the affidavits submitted in support of the petition. However, "[t]he availability and adequacy of another remedy is . . . a consideration to be carefully weighed in deciding whether a receiver is necessary." Dwan v. Gardella, supra, quoting Chatfield Co. v. Coffey Laundries, Inc., supra, 501. The object of CT Page 3679 appointing receivers is to secure the property in dispute from waste or loss. It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right. Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175. In addition, "[r]ents collected by a receiver are necessary to protect a foreclosing mortgagee's rights only where he has established a deficiency between the amount of the mortgage debt and the value of the property." New Haven Savings Bank v. Valley View Joint Venture,8 CSCR 410 (March 24, 1993, Glass, J.).
The petition does not warrant such relief for the plaintiffs. They have not alleged nor much less provided this court with evidence that the mortgaged premises are threatened by waste or loss. Furthermore, they have not provided any evidence which suggests that the mortgaged premises are inadequate security. In fact, the only evidence before this court on this issue is to the contrary, i.e., the debt of five hundred ninety-four thousand four hundred five dollars and one ($594,405.01) cent being secured by premises mortgaged to the extent and amount of eight hundred forty thousand ($840,000) dollars. Where a complaint or application for the appointment of a receiver is devoid of allegations sufficient to justify the appointment of a receiver, a court's subsequent decision granting the application is viewed as an improvident one. Silver v. Kingston Realty Corporation, 114 Conn. 349,352.
The execution of a promissory note by Maria DaSilva in February, 1992 in the amount of eight hundred forty thousand ($840,000) dollars, secured by an open ended mortgage deed and security agreement, constitutes a new agreement with a new consideration agreed upon between the parties, and serves as indicia that the parties in the present case agreed to satisfy the plaintiffs' prior existing claims by means of a substituted performance other than that which was due. The plaintiffs then, as was their right, elected to pursue their equitable right of foreclosure. The pending nature of the separate foreclosure action renders it not only available to the plaintiffs, but adequate as well, in light of the fact that the value of the mortgaged premises admitted to be in excess of and more than adequate to secure the outstanding debt due and owing.
The plaintiffs' argument that the mortgages themselves provide that there is no waiver of any other remedies at law is unpersuasive. True it is that the open ended mortgage deed provides, in part, that "no enumerated or special rights or powers herein shall be construed to limit in any manner, any grant or general rights or powers or take CT Page 3680 away or limit any and all rights and mortgagees under the laws of the State of Connecticut," this court is satisfied that the circumstances surrounding the February, 1992 agreement, coupled with the relative bargaining positions of the parties being greatly disparate, rendered the subject deed provision not amenable to bargaining and that note and mortgage deeds may well be held to be an adhesion contract(s). However, while recognizing the apparent cogency of such a posture, no such argument has yet been offered.
The plaintiffs' interest in the outstanding debt is adequately secured by plaintiffs' election of the equitable right of foreclosure. Therefore, it is not necessary and indeed inappropriate at this stage of the cause, to grant the application which seeks the ancillary appointment of a receiver. The motion is, accordingly, denied.
Moraghan, J.