[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON PLAINTIFFS' APPLICATION FOR APPOINTMENT OF RENT RECEIVER AND DEFENDANTS' OBJECTION THERETO
1. FACTS:
The plaintiffs, Jack Friedler and Harry Dermer, commenced this action for partition of real property located on New Britain Avenue in Farmington, Connecticut. The plaintiffs each known a 25% percent ownership interest in ECOS Center, LLC, a limited liability company which owns the office complex located on the property. The defendants, Michael A. Dauria and his son, Michael A. Dauria, III, are the other 50% owners in the property company, formed in 1997 to secure financing for the property and keep the property from being foreclosed under an earlier mortgage and note owed by the defendants Dauria.
By 1999, the four individuals had a falling-out concerning the collection of rents and the payment of bills for the office complex. Jack Friedler retired and resides in Florida. Harry Dermer is presently in Romania. The defendants Dauria continue to manage the property, see to its day-to-day upkeep, negotiate leases, and through their construction company, perform needed repairs.
The plaintiffs filed a motion for appointment of a receiver of rents, which was resolved by agreement. The motion was denied without prejudice and the parties agreed to share in certain rental collections and payment obligations. Their agreement was ordered by the court on December 18, 2000. (Graham, J.) On September 5, 2001, the plaintiffs renewed their motion for appointment of a receiver of rents and for contempt of the court's order. The defendants objected thereto and the matter was CT Page 15721 scheduled for hearing and argument. For the reasons set forth in detail below, the court grants the motion for appointment of a receiver and denies the motion for contempt.
2. ADDITIONAL FACTS:
The testimony at the hearing revealed that the parties have no trust in each other. There is no longer one bank account into which the rental income is deposited and from which all expenses including the mortgage, insurance and taxes are paid upon joint signatures. Each faction operates a separate account and pays certain expenses. Jack Friedler, as part owner of the major tenant at the office complex, has collected those rents and paid the first mortgage. The Daurias have collected other rents and paid for insurance and repairs on the property. They expect to negotiate some leases, which are coming up for renewal. There have been no mutual monthly or yearly accountings for income or expenses between the parties for over a year.
At some point, Michael A. Dauria was denied access to the ECOS Center bank account and was unable to secure a second signature on the check to pay the insurance, due to the hostility between the parties. Apparently, he secured permission to collect other rents from Harry Dermer and the insurance was paid. There are misunderstandings about the status of some of the tenants and the renewal of their leases. Under these facts, the court cannot conclude that the defendants are any more in violation of the court order than the plaintiffs.
The plaintiffs argue that an independent receiver of rents will be able to preserve the property until such time as a decision is reached on the partition action, which has not yet been reached for trial. The defendants object and state that there has been no waste and that they have continued to see to the orderly operation of the property and the payment of all expenses that the income they are able to collect permits.
3. DISCUSSION
In accordance with Connecticut General Statutes § 52-504, the Supreme Court has held that an application for a receiver is within the sound legal discretion of the court. Chatfield Co. v. Coffey Laundries,Inc., 111 Conn. 497, 501 (1930). The Supreme Court has, on the other hand, also recognized that the appointment of a receiver is a drastic remedy. Masoth v. Central Bus Corp., 104 Conn. 683, 695 (1926). In addition: "[i]t is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right."Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175, CT Page 15722491 A.2d 1084, cert. denied, 474 U.S. 920 (1985).
In Tucker, the court held that "[t]he object of appointing receivers is to secure the property in dispute from waste or loss." Id., 175. As noted in Elstein v. Attick, Superior Court, judicial district of Danbury at Danbury, Docket No. 303506, (June 2, 1993, McGrath, J.) (8 C.S.C.R. 699), citing D. Caron, Connecticut Foreclosures, § 10.01 (1989), "[t]he purpose of an appointment of a receiver of rents is to minimize the risk of less than full recovery of plaintiff's debt. . . . Factors to consider include a certain deficiency, or a threatened one, as when prior encumbrances are accruing interest or the property's condition is rapidly deteriorating." (Citations omitted; internal quotation marks omitted.)
While this case does not involve all of the issues that a mortgage foreclosure naturally raises, the similarities are nonetheless substantial. If, for example, Mr. Dauria had been unable to pay the property insurance on the office complex, the first mortgage would be in default, despite Mr. Friedler's faithful payment of the monthly principal and interest. Additional and unnecessary charges would be incurred, wasting the asset to be partitioned. While the defendants argue that no waste has yet been committed and that therefore the court should not appoint a receiver, this motion calls upon the court's equitable power. The potential for waste during the pendency of this action is substantial. The court finds that the parties themselves in their testimony have each demonstrated the ways in which it has only narrowly been avoided in the past. The lack of participation of the fourth owner, Mr. Dermer, only increases the risks to which this asset is exposed and which the orderly collection for rents would eliminate.
In addition, while the appointment of a receiver of rents is a drastic, although temporary measure, it does not provide the ultimate relief the parties are seeking by partition of the real property and presumably thereafter separate management of the divided office complex. It merely preserves the asset until such time as the matter may be heard on the merits in full.
The court in the exercise of its discretion and its equitable powers concludes that the receiver of rents proposed by the plaintiffs is an appropriate receiver of rents and hereby appoints Servus Management Corporation to be the receiver of rents of the office complex.
4. ORDERS
1. Servus Management Corporation of Hartford is hereby appointed receiver of rents for the subject property. The receiver shall be authorized to take all actions necessary to (a) collect the rents, and CT Page 15723 payments for reasonable use and occupancy of the property during the pendency of the above-captioned partition action and (b) to expend all sums collected for all reasonably necessary and proper expenses of the property, including but not limited the mortgage, insurance and taxes, as well as repairs.
2. The plaintiffs and the defendants shall deposit with the receiver all rental income presently in their possession and shall deliver to the receiver all outstanding and future bills to be paid in connection with the property.
3. As there was no evidence to suggest that the previous lease negotiations and general management and repair activities conducted by the defendants for the benefit of the property were unreasonable, the court orders that they continue. Any rents or use and occupancy payments for new, extended or modified leases are to be delivered by the tenants to the receiver of rents. Any reasonable repairs, maintenance and upkeep performed by the defendants shall be paid by the receiver from the income collected.
BY THE COURT
BARBARA M. QUINN, Judge