FELIX BATOR *v.* UNITED SAUSAGE COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 1—decided May 29, 1951

*Jacob Schwolsky*, with whom were *Henry J. Gold-berg* and, on the brief, *Naaman Cohen*, for the appellant (plaintiff).

*B. J. Monkiewicz*, with whom were *Francis B. Keeler* and, on the brief, *Samuel S. Googel*, for the appellee (defendant).

BALDWIN, J.   The plaintiff petitioned for a dissolution of the defendant corporation and the appointment of a receiver. The court granted the defendant's motion for judgment after the plaintiff had presented his evidence, and the plaintiff appealed.

The plaintiff seeks to substitute substantially all of his draft finding for the finding and conclusions made by the trial court. The evidence discloses no basis for these changes. The facts found may be summarized as follows: The plaintiff and Henry Roman had been engaged for some time as partners in the business of manufacturing meat products. They decided to incorporate their enterprise. In preparation therefor the plaintiff entered into a written contract with Roman

and his wife Lucy. It was recited that the plaintiff had invested $17,000 and the Romans $30,000 and that the plaintiff had acquired a special and rare skill in the manufacture of meat products while the Romans had no such skill. It was agreed that the board of directors should consist only of the three parties to the contract and that "all policies, management and operation" of the corporate business would be by the unanimous consent of the board. The corporation was to be a closed corporation and no additional stock was to be issued without unanimous approval. None of the parties was to sell or dispose of his stock without first tendering it to the others for the same price as any bona fide offer received from a third party. All checks and other financial obligations were to be signed by the plaintiff and one of the Romans, and no material or equipment of any kind was to be purchased without the concurrence of the plaintiff and Henry Roman. The company was organized, the plaintiff owning 335 shares, Henry Roman 598 shares, and Lucy Roman 2 shares. They were the only stockholders and directors. The plaintiff acted as manager for a satisfactory salary. The Romans worked part time without compensation. Differences arose and the plaintiff wanted to sell the business. He finally quit, without justification, and went to work for a competing company. The only other employee familiar with the business also left. Operations ceased temporarily until the Romans found another skilled and experienced man. They then devoted their full time to the company's affairs, drew salaries for their work, conducted the business profitably, paid off large sums on the indebtedness incurred while the plaintiff was manager, and increased the corporate assets. A special meeting of the board of directors was held, the plaintiff being present. Resolutions were passed changing the method of signing

checks and authorizing the borrowing of money and the purchase of a new truck, to all of which the plaintiff objected. The corporate charter and by-laws were not offered in evidence.

Section 5226 of the General Statutes, so far as it pertains to this case, provides that whenever any corporation has wilfully violated its charter or exceeded its powers, or there has been any fraud, collusion or gross mismanagement in the conduct of its affairs, or its assets are in danger of waste through attachment, litigation or otherwise, any stockholder owning not less than one-tenth of its capital stock may apply for its dissolution and the appointment of a receiver to wind up its affairs. The trial court concluded that none of these reasons had been proved. The statute further provides for such an application "whenever any good and sufficient reason exists for the dissolution of such corporation." An application for the dissolution of a corporation and the appointment of a receiver is addressed to the sound legal discretion of the court. The exercise of such discretion is not to be disturbed unless there is abuse or other material error. *Masterton* v. *Lenox Realty Co.*, 127 Conn. 25, 33, 15 A. 2d 11; *Chatfield Co.* v. *Coffey Laundries, Inc.*, 111 Conn. 497, 501, 150 A. 511; see *Sheehy* v. *Barry*, 87 Conn. 656, 662, 89 A. 259. The plaintiff contends that because of the inability of the stockholders and directors to agree, in compliance with the terms of their contract, which requires unanimous action, the corporation has become inoperable. This, he says, furnishes a "good and sufficient reason" for its dissolution.

The plaintiff has brought his action against the corporation and not against his fellow stockholders and directors. The corporation was not a party to the agreement between the plaintiff and the Romans and cannot be bound thereby. Even though it is a so-

called closed corporation, with only three stockholders, it is nevertheless a legal entity with separate rights and powers conferred and duties and liabilities imposed by law. *Hoffman Wall Paper Co.* v. *Hartford,* 114 Conn. 531, 535, 159 A. 346; *Mackay* v. *New York, N. H. & H. R. Co.,* 82 Conn. 73, 81, 72 A. 583. Its stockholders may agree to combine their votes. If their purpose is lawful and not against public policy, fraudulent or harmful to creditors, their agreement is binding among themselves. 3 Cook, Corporations (8th Ed.) § 622*a*; 13 Fletcher, Corporations (Perm. Ed.) § 5743; 13 Am. Jur. 537, § 501; see note, 71 A. L. R. 1289.

The decisive question here, however, is not whether the agreement between the plaintiff and the Romans was lawful as between themselves, but whether, if it was, the corporation was affected by it. We answer this in the negative. *Jackson* v. *Hooper,* 76 N. J. Eq. 592, 597, 75 A. 568. The fact that the plaintiff and the Romans subsequently became stockholders and directors of the corporation did not give their contract any official sanction. When they became officers of the corporation they then had the duty of exercising their best, independent judgment in the management of its affairs. *Heminway* v. *Heminway,* 58 Conn. 443, 444, 19 A. 766; *Mallory* v. *Mallory Wheeler Co.,* 61 Conn. 131, 137, 23 A. 708; *West* v. *Camden,* 135 U. S. 507, 521, 10 S. Ct. 838; 34 L. Ed. 254; 3 Cook, Corporations (8th Ed.) p. 2190; 13 Am. Jur. 946, § 993; see notes, 12 A. L. R. 1070, 45 A. L. R. 795. The plaintiff could withdraw from his employment with the company. But he cannot set up what is in effect a partnership agreement as a road block to stop a majority of the directors from going forward with the corporate business. Dissension among the members of a corporation is not a ground for dissolution unless it goes so far as to render it impossible to carry on the corporate affairs. *Olechny* v. *Thadeus*

*Kosciuszko Society*, 128 Conn. 534, 542, 24 A. 2d 249. The court specifically found that the business has been conducted profitably under the management of Henry Roman, that large sums have been paid on bills which were contracted by the defendant while the plaintiff was in the active management of its affairs, and that the assets of the company have been increased. The court did not abuse its discretion in deciding that the plaintiff had failed to establish his right to the dissolution of the corporation and the appointment of a receiver.

There is no error.

In this opinion the other judges concurred.