[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1885
The plaintiff, Union Trust Company ("bank"), brings this suit seeking to foreclose its two construction mortgages on property located at 466-470 Main Street in West Haven, owned by the defendant Main Street South Condominiums, Inc ("borrower"). Defendant Buonfiglio Builders, Inc. ("builder") raises as a special defense the claim that it has filed a mechanic's lien on the property. It asserts that this lien has priority over the bank's construction mortgage in connection with a loan of $1.6 million. (The builder does not claim that its lien is prior to another loan by the bank to the borrower, in the original amount of $200,000.00).
Defendant Quality Associates, Inc ("subcontractor") claims a mechanic's lien in the amount of $83,688.50 plus interest which it claims is prior in right to the bank's encumbrance. Quality Associates, Inc. has filed a cross complaint against the owner and the builder, claiming nonpayment for work performed on the condominium project that is the subject of the bank's construction mortgage. The subcontractor claims to be subrogated to the lien of the builders pursuant to 49-33 C.G.S. The subcontractor seeks damages against the builder and foreclosure of its lien.
WAIVER OF LIEN
The court finds the facts to be as follows.
On February 3, 1988, the owner borrowed $200,000 from the bank, secured by a mortgage on 466-470 Main Street. On July 13, 1988, the owner borrowed another $1.6 million from the bank to finance construction of a planned condominium project on Main Street in West Haven. The loans were guaranteed by defendants Anthony Buonfiglio and Donald Perotti. The construction mortgage deed executed by the owner and guarantors provided that the work was to be "performed according to plans, specifications and other construction details which have been mutually agreed upon, and all waivers of liens necessary to keep said buildings and improvements and the Premises free from liens are to be furnished by the Mortgagor to the Mortgagee."
The owner entered into a contract with Buonfiglio Builders, which is described in that contract as "a Connecticut Corporation," to construct a 24-unit building to be known as Main Street CT Page 1886 South Condominiums (Ex. 1). The contract provides or progress payments that can be withheld if claims or liens are filed.
The builder has denied that lien waivers were filed as to the property as the project progressed, and has claimed that certain documents that purport to be its waivers are defective because they 1) were not signed by authorized agents of the builder, 2) were, in some instances, undated, not fully filled in, or lacking a notation as to the property at issue in the lien waiver.
The court finds, on the basis of the testimony of Anthony Buonfiglio, that lien waivers were in fact executed by authorized agents of the builder. This witness testified to observing the signers execute lien waivers marked as Exhibits F, G, H and K. Anthony Buonfiglio testified that he recognized the signatures of Frederick Buonfiglio and Martin Buonfiglio on the lien waivers that are Exhibits I and M. Anthony Buonfiglio's testimony was supported by the testimony of a handwriting analyst, who concluded that the signatures on the lien waivers were those of the signers of various undisputed documents. The signers of the liens signed the contract with the owner on behalf of the builder, and the court concludes that they had authority to act for the corporation, of which they were incorporators, at the time they executed the lien waivers.
The builder did not establish that it had performed any work not subject to the final waiver, which is dated October 4, 1989.
The builder asks this court to hold that the waivers are ineffective because, in several instances, the name of the project and address are omitted. The court finds that there is and was no ambiguity as to which project the waivers applied. Since the formalities of the waiver form were for the benefit of the bank, the bank, as the beneficiary of the waivers, had discretion to waive any informalities as to form. The failure of the builder's agents to set forth their representative capacity does not render the waiver ineffective. To hold otherwise, after finding agency, would be to allow the builder to prevail on the basis of its own failure to be accurate in filling out the waiver form.
The builder's claim that the waivers are ineffective for want of consideration is defeated by Anthony Buonfiglio's testimony that the waiver forms were executed in the context of CT Page 1887 receipt of payment at specified stages of the work. In addition, here, as in Bialowans v. Minor, 209 Conn. 212 (1988), the builder's further consideration for its waiver of lien was the expectation that the bank would provide funds to the owner out of which the builder hoped to be paid. The contract between the owner and the builder explicitly provided, at paragraph 3(d), that progress payments would not be made if "claims or liens are filed on the job."
The court finds the builder's lien waivers to be effective and that the builder waived any right to file a mechanic's lien.
VALIDITY OF LIEN
Even if the lien waivers were to be viewed as invalid, the lien that the builder seeks to have adjudicated as prior to the $1.6 million construction mortgage is not a valid lien. The lien was filed on January 1, 1990 by "Frederick and Martin Buonfiglio d/b/a Buonfiglio Builders." The evidence established that the "Buonfiglio Builders" rendered services to the owner, and was a Connecticut corporation, and no evidence of any contract with Frederick Buonfiglio or Martin Buonfiglio as individuals doing business as "Buonfiglio Builders" was established.
Section 49-33 C.G.S. authorizes the filing and foreclosure of a mechanic's lien by "any person [who] has a claim for more than ten dollars for materials furnished or services rendered in the construction. . .of any building. . .[if] the claim is by virtue of an agreement with or by consent of the owner of the land. . . being improved. . . ." The individuals who filed the mechanic's lien did not prove that they had any contract with the owner Rather, the owners' contract was with a corporate entity known as "Buonfiglio Builders."
A corporation is an entity separate and apart from its stockholders. State v. Harris, 147 Conn. 589, 593 (1960). The courts must recognize the separate legal existence of a business conducted in the corporate form. Bator v. United Sausage, Inc.,138 Conn. 18, 22 (1951). The court cannot overlook the fact that the parties who filed the mechanic's lien are not the party shown to have performed the construction work. The evidence reveals that no lien was filed by or on behalf of the entity with which the owner contracted.
For this further reason, the court finds that the builder CT Page 1888 has no lien prior in right to the $1.6 million mortgage of the bank.
LACK OF SERVICE OF LIEN ON THE BANK
The bank raises as an additional claim of invalidity of the Buonfiglio lien that it was an owner of the property but was not served with a copy of the lien. The Supreme Court in Red Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563, 568-71
(1993), unequivocally rejected this construction of 49-34
C.G.S., and this court in no way relies on this asserted ground in finding the Buonfiglio lien to be invalid.
The court does not find it necessary to reach the bank's claim of the unconstitutionality of the mechanic's lien statute.
LIEN AND CLAIM OF QUALITY ASSOCIATES, INC.
Anthony Buonfiglio, vice-president of Main Street Condominiums, Inc., the owner of the property, testified that the owner paid the builder the full contract price, less $50,000, a retainage provided for in the construction contract. The builder presented no credible evidence to support its claim that it was owed additional amounts. Quality Associates, Inc. filed a mechanic's lien on February 7, 1990, in the amount of $83,688.50. A certificate of occupancy of the condominium project was signed on October 13, 1989. While a representative of Quality Associates, Inc. claimed that this subcontractor had performed substantial services on the site within ninety days of filing the lien, as required by 49-35 C.G.S., the court did not find credible the testimony to this effect. No documents were presented to support the conclusory claim that substantial work was performed within the ninety day period, and the issuance of a certificate of occupancy and virtually full payment by the owner to the general contractor make this claim subject to doubt.
The general contractor offered no evidence to contradict the claim by this subcontractor that it performed services worth $83,688.50 for which it was not paid. The court finds Quality Associates, Inc. has proven its cross complaint against Buonfiglio Builders, a Connecticut corporation, and judgment shall enter in favor of the cross complainant as to this claim.
CONCLUSION CT Page 1889
On the basis of the testimony of a duly qualified appraiser, the court finds that the value of the property known as 466-470 Main Street in West Haven as of the date of trial was $1,300,000. The owner's debt to the bank, on the two notes secured by this property, is $2,297,450.60 ($249,094.42 as to the first note and $2,048,356.28 as to the second note) as of the date of trial. The court finds that a reasonable fee for the appraisal is $2,000.00 and that a reasonable fee or the appraiser's court appearance as an expert on two occasions is $350.00. The sum of $150.00 is allowed as to the title search. Reasonable attorney's fees shall be assessed in connection with the motion for judgment of foreclosure. The court finds that neither Buonfiglio Builders nor Quality Associates, Inc. has a valid lien prior in right to the plaintiff's mortgage. The plaintiff shall submit a proposed order of law days and military affidavits as to all non-appearing parties and shall file a motion for judgment of foreclosure.
Judgment shall enter in favor of the cross complainant, Quality Associates, Inc., as to its claim against the corporation known as Buonfiglio Builders, in the amount of $83,688.50, plus costs.
BY THE COURT:
Beverly J. Hodgson, Judge