[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Trowbridge Building and Design, Inc., filed a complaint against the defendants, Charles and Sharon Santos-Buch and People's Bank, seeking foreclosure on a mechanic's lien. Prior to filing an answer, the Santos-Buchs (hereinafter "the defendants") filed this motion for summary judgment.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805, CT Page 8589679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995).
In the present case, both the defendants and the plaintiff provide affidavits and documentation which support the following undisputed facts:
The defendants contracted with the plaintiff on June 6, 1994 for construction of modifications and improvements on their home. On the signature page of that contract, the line under the word owner's was signed by defendant Charles J. Santos-Buch. The "contractor" line was signed "Stuart T. Brown, President". The first page of the contract states that the contractor is the plaintiff. At the time the agreement was signed, the plaintiff was not a registered home improvement contractor nor was it a registered corporation contractor. Stuart T. Brown was issued an "Individual Contractor's Registration", effective June 1, 1988. This registration was issued to "Stuart T. Brown d/b/a/ Trowbridge Business Design, Inc.". The plaintiff was issued a "Corporation Contractor's Registration" effective March 26, 1996. The agreement did not contain a cancellation clause informing the defendants of their right to cancel the contract, but there was attached to the; contract a page entitled "Notice of Cancellation". The plaintiff failed to complete the job as agreed in the contract, and the defendants have paid approximately 95% of the adjusted contract price for the work performed before the plaintiff abandoned the project.
The basis for the defendants' motion is "that no home improvement contract is valid and enforceable against a homeowner unless it complies with each and every provision of [General Statutes] § 20-429, the Home Improvement Act." The defendants state that "[t]he undisputed facts of this case demonstrate that the contract at issue fails to comply with the statute."
Specifically, the defendants contend that the contract fails for two reasons because (1) the plaintiff was not a registered contractor and (2) the contract failed to properly notify the defendants of their cancellation rights.
The contract is governed by the Home Improvement Act ("HIA"), General Statutes § 20-418 et seq.[1] "A contractor that does not comply with the Home Improvement Act cannot recover from CT Page 8590 a consumer, unless the contractor can prove bad faith on the part of the consumer." Pape v. Ambrecht, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 153228 (Nov. 8, 1996) (Mintz, J.). Therefore, absent a showing of bad faith, the plaintiff is not entitled to recover from the defendants if it did not comply with the HIA.
General Statutes § 20-420 (a) states: "No person shall hold himself out to be a contractor . . . without first obtaining a certificate of registration. . . ." General Statutes §20-419 (7) defines "Person" as "an individual, partnership, limited liability company or corporation." Thus, in order to be in compliance with the HIA, the plaintiff was required to obtain a certificate of registration. The dispositive issue, therefore, is whether the "Individual Contractor's Registration" issued to "Stuart T. Brown d/b/a Trowbridge Building Design, Inc." satisfied the plaintiff's registration requirement.
The only registration that was presented by either party, that was effective at the time of contracting, is that of a non-party, Stuart T. Brown. Stuart T. Brown was the president of the plaintiff corporation.
"The courts must recognize the separate legal existence of a business conducted in the corporate form." Union Trust Co. v.Main Street South Condos, Superior Court, Judicial District of New Haven at New Haven, Docket No. 305787 (Feb. 22, 1993) (Hodgson, J.), quoting Bator v. United Sausage, Inc.,138 Conn. 18, 22 (1951). "A corporation is a distinct legal entity."Genovese Enterprises, Inc. v. Sphere Drake Ins., Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 128855 (Mar. 26, 1996) (Pellegrino, J.) (drawing a distinction between a corporation and its shareholder). It cannot be said that Stuart Brown's registration, as an individual, is equivalent to a corporate registration.
A careful reading of Connecticut Regulation 20-430-1
indicates that there is a difference between an individual and a corporate registration. Connecticut Regulation 20-430-1 states that an application for registration shall include: "(h) If incorporated, a listing of the names and addresses of all corporate officers." This indicates that there is indeed a distinction between an "Individual Contractor Registration" and a "Corporation Contractor Registration." Since the only registration that existed at the time of contracting was Brown's CT Page 8591 "Individual Contractor Registration," the plaintiff was not properly registered as required under the HIA.
The plaintiff argues that "a finder of fact could very well conclude that the corporation was in fact licensed under registration #525876 because of the express reference in the license to `Trowbridge Building Design, Inc.'" A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). The facts are undisputed. Only a decision of law remains as to whether an individual registration can substitute for a corporation registration under the HIA.
Next, the plaintiff argues that this motion is premature. The plaintiff states "[u]nless and until the defendants plead by special defense the plaintiff's failure to comply with the [HIA], and assume the burden of proving same . . . the matter is improperly before the court."
In Girard v. Weiss, 43 Conn. App. 397, 682 A.2d 1078, cert. denied, 239 Conn. 946 (1996) the court stated: "If we were to hold that a motion for summary judgment cannot be made prior to pleading a statute of limitations as a special defense, we would negate that portion of [General Statutes] § 379 that provides that a motion for summary judgment can be made at any time." (Internal quotation marks omitted.) Id., 416. In the present case, the ground for the defendant's motion is the non-compliance with the HIA, rather than the statute of limitations. The reasoning in Girard, however, still applies. Pursuant to § 379 and Girard v. Weiss, the defendants are free to move for summary judgment on this ground at any time. The plaintiff fails to cite to a procedural requirement that the defendant plead the non-compliance with the HIA as a special defense before moving for summary judgment on that ground. As such, the court may properly consider the motion.
The plaintiff failed to comply with the HIA by not registering. Compliance with the HIA is a prerequisite to recovery, unless the contractor makes a showing of bad faith which plaintiff has not done.
The defendant also states that "[e]ven if the [a]greement was entered into by a registered contractor — and it was not — the [a]greement at issue is invalid for the further CT Page 8592 reason that it failed to properly inform the [o]wners of their cancellation rights as required by the HIA."
Connecticut Statutes § 20-429 (a)(6) states that every home improvement contract should contain "a notice of the owner's cancellation rights in accordance with the provisions of chapter 740 [(the Home Solicitation Sales Act)]."
Chapter 740, specifically General Statutes § 42-135a, states that the subject contract must contain a clause notifying the buyer of her cancellation rights "in immediate proximity to the space reserved for the signature of the buyer . . . and in boldface type of a minimum size of ten points[.]"
In the present case, the signature page of the contract fails to contain the requisite clause. In this regard, the contract fails to comply with the requirements of the HIA.
The plaintiff argues in rebuttal that "[t]he subject contract contains a notice of the property owners' cancellation rights." The plaintiff apparently is referring to a page that is printed in average (non-bold) type entitled "Notice of Cancellation". This page is attached to the very end of the contract and contains instructions to sign the paper and return it to the plaintiff, should the holder of the paper wish to cancel the transaction. This paper is unsigned and makes no specific reference to the underlying transaction or to the defendant.
This "notice of cancellation" does not comport with the requirements of the HIA. The statute has exacting requirements of location and typeface. The notice provided by the plaintiff fails to meet both of these requirements.
For all the foregoing reasons, and recalling that "[a] contractor that does not comply with the Home Improvement Act cannot recover from a consumer . . ."; Pape v. Ambrecht, supra, Superior Court, Docket No. 153228, the defendant's motion for summary judgment is granted.
D'ANDREA, J.