[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Jo Ann Beardslee, individually, and in her capacity as Administratrix of the Estate of Donald R. Beardslee, brings this action against Automated Waste Disposal, Inc. (AWD) and James Davenport.
The decedent, Donald R. Beardslee, was employed as a mechanic by JAT Truck Repair Service (JAT).
According to the revised complaint dated July 24, 1997, he was employed for the sole purpose of repairing garbage trucks owned by the defendant, Automated Waste Disposal.
It is alleged that Donald R. Beardslee was exposed to toxic waste and other carcinogenic agents on a regular basis between 1987 and 1994.
It is further alleged that he contracted pancreatic cancer as a result of the exposure, from which he died on July 18, 1995.
The July 27, 1997 revised complaint consists of six counts.
Count one is a wrongful death action against AWD, based on its alleged failure to inspect and clean its garbage trucks.
Count two is a wrongful death claim against James Davenport, the owner of 307 White Street, Danbury, where the decedent was employed.
Counts three and four are brought by the plaintiff, individually, and claim damages based upon a loss of consortium against AWD and James Davenport, respectively. CT Page 14497
Counts five and six allege loss of consortium claims on behalf of the decedent's daughter, Breann Beardslee.
Summary judgment was granted at the request of AWD as to count five (Moraghan, J. ) based upon the authority of Mendillov. Board of Education of the Town of East Haddam, 246 Conn. 456,484 (1998).
Although the defendant, James Davenport, has not appeared, and has not sought summary judgment as to count six, the court grants summary judgment as to that count on its own motion, in light of Connecticut's failure to recognize claims of parental consortium.
Therefore, no genuine issue of any material fact exists as to count six, and judgment should enter for the defendant as a matter of law.
The decedent's employer, JAT, has filed an intervening complaint, seeking reimbursement for sums paid pursuant to the workers' compensation act.
The defendant, AWD, moves for summary judgment as to count one and count three of the revised complaint, arguing that the intervening plaintiff is a wholly owned subsidiary of AWD, and therefore recovery against AWD is barred by the provisions of the workers' compensation act. Section 31-284(a) of the Connecticut General Statutes.
That section reads:
 An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . .
AWD claims that its close connection with the intervening plaintiff, JAT, allows it to utilize the shield provided to employers under the workers' compensation statutes.
All parties agree to certain facts.
AWD owns 100 percent of the JAT stock, the corporate officers CT Page 14498 of both companies are the same, JAT only services vehicles owned by AWD, and both corporations operate from the same location, 307 White Street, Danbury.
Although the workers' compensation voluntary agreement list JAT as the decedent's employer, some medical bills identify the employer as AWD, and the application for employment is titled "Automated Waste Disposal, Inc."
The plaintiff contends that AWD cannot seek refuge from her suit claiming "employer" status under the workers' compensation act.
She points to the separate and distinct corporate personalities of the two entities, and maintains that the decision to establish separate corporations was a decision which was freely and voluntarily made as a business calculation.
 STANDARD OF REVIEW
A motion for summary judgment may be granted only when affidavits and other documentary evidence demonstrate that no genuine issue of material fact remains between the parties and the moving party is entitled to judgment as a matter of law.Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983);Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990).
In deciding a motion for summary judgment, the trial court must view all the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealIndustries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 AWD AND JAT ARE SEPARATE ENTITIES
Corporations organized and existing under the laws of this state possess broad powers granted by law. CT Page 14499
As a general rule, corporations are separate legal entities, with separate rights and powers conferred and duties and liabilities imposed by law. Bator v. United Sausage Co.,138 Conn. 18, 22 (1951).
Absent exceptional circumstances, where those in control of a corporation's affairs have deliberately adopted a corporate form in furtherance of the corporation's business, and to secure the advantages which separate corporate status provides, the separate status of each of the entities will not be ignored. Doe v.Saracyn Corporation, 138 Conn. 69, 78 (1951).
Courts will only disregard the existence of separate corporate entities in those rare instances where they are used for fraudulent or illegal purposes. However, unless something in the nature of fraud or illegality is present, to disregard separate corporate personalities would be contrary to the public policy of this state, as expressed in legislation, concerning the formation and regulation of corporations. Angelo Tomasso, Inc. v.Armor Construction Paving, Inc., 187 Conn. 544, 559 (1982).
Piercing the corporate veil is reserved for those situations in which a corporation is so manipulated by an individual or another corporate entity, as to become a puppet or tool of the manipulator, thus allowing a court to disregard the corporate fiction and impose liability on the real actor. Zaist v. Olson,154 Conn. 563, 574-75 (1967).
After it has carefully woven a corporate veil, the defendant AWD now seeks to consensually pierce that garment, hoping to acquire immunity from litigation.
Having deliberately acquired all of the protection and isolation which a corporate shield permits, it now seeks to disregard the separate status of AWD and JAT, in hopes of securing sanctuary behind the impregnable shield of its wholly owned subsidiary.
AWD elected to acquire the business advantages of separate cohabitation with JAT in the conduct of its business at 307 White Street, but now argues for a marriage of convenience with JAT, in order to frustrate the plaintiff's right to sue for damages.
The type of corporate marriage of convenience urged by AWD CT Page 14500 was denied legitimacy in Gregory v. Garrett Corp. , 578 F. Sup. 871
(S.D. N.Y., 1983).
The United States District Court, construing Connecticut law, held that absent exceptional circumstances, a parent corporation and a subsidiary will be treated as distinct legal entities, when sued by an employee. This is true, even though the parent owns all the stock in the subsidiary, and has the same directors.Gregory v. Garrett Corp. , supra, 877.
Those exceptional circumstances which would permit the disregarding of separate corporate identities as a matter of law, either through involuntary piercing of the corporate veil, or a voluntary corporate union, are not present here.
The motion for summary judgment of the defendant, AWD, as to counts one and three, is therefore denied.
Summary judgment as to count six is granted.
Radcliffe, J.